■ CHRISTOPHE JOSEPH, Appellant, v LAKESIDE BUILDERS AND DEVELOPERS, INC., Respondent. [738 NYS2d 471] —Appeal from an order of Supreme Court, Monroe County (Frazee, J.), entered December 26, 2000, which, inter alia, denied plaintiff's motion for partial summary judgment.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Supreme Court properly denied plaintiff's motion for partial summary judgment on the Labor Law § 240 (1) claim and granted defendant's cross motion for partial sum-

mary judgment dismissing that claim. Plaintiff commenced this action seeking damages for injuries that he allegedly sustained when a cinderblock fell and struck his knee. Defendant hired plaintiff's employer as a subcontractor to construct a cinderblock basement for a single-family home. Plaintiff's duties included manually picking up and stacking cinderblocks on a scaffold. According to plaintiff, he reached above his head to place a cinderblock on the scaffold. The cinderblock hit another cinderblock previously stacked on the scaffold and fell, striking plaintiff's knee. "Labor Law § 240 (1) applies where the falling of an object is related to 'a significant risk inherent in * * * the relative elevation * * * at which materials or loads must be positioned or secured'" (*Narducci v Manhasset Bay Assoc.*, 96 NY2d 259, 267-268, quoting *Rocovich v Consolidated Edison Co.*, 78 NY2d 509, 514). Although there is conflicting deposition testimony concerning the height of the scaffold and the cinderblocks, it is undisputed that the cinderblocks were always within plaintiff's reach. Thus, any height differential between plaintiff and the cinderblock that fell on him was de minimis (*see, Capparelli v Zausmer Frisch Assoc.*, 96 NY2d 259, 269-270; *Rodriguez v Tietz Ctr. for Nursing Care*, 84 NY2d 841). Present—Green, J.P., Hayes, Hurlbutt, Kehoe and Burns, JJ.