■ JOSE CARDENAS, Respondent-Appellant, v ONE STATE STREET, LLC, Appellant-Respondent. [890 NYS2d 41]—

Contrary to defendant's contention, plaintiff was exposed to an elevation-related hazard when he was instructed to pry from the wall an 80-pound, three-foot-high-by-five-foot-wide-by-one-foot-deep electrical panel that was positioned six or seven feet above the ground, and lower it to the floor. He was thereby engaging in an activity covered by section 240 (1) (*see Francis v Foremost Contr. Corp.*, 47 AD3d 672 [2008]). Plaintiff testified that the panel was too heavy and bulky to hold in his hands as he was removing and lowering it, and that the only way to get it down without a hoist or other safety device was to pry it from the wall with a crowbar and let it fall to the ground through the force of gravity. Such an activity clearly posed a significant risk to plaintiff's safety due to the position of the heavy electrical panel above the ground, even if such elevation differential was slight, and was thus a task where a hoisting or securing device of the kind enumerated in the statute was indeed necessary and expected precisely because the object was too heavy to be hoisted or secured by hand (*see Brown v VJB Constr. Corp.*, 50 AD3d 373 [2008]; *Mendoza v Bayridge Parkway Assoc., LLC*, 38 AD3d 505 [2007]; *Salinas v Barney Skanska Constr. Co.*, 2 AD3d 619

[2003]). Moreover, plaintiff offered uncontroverted evidence that he was not provided with any safety equipment to aid in accomplishing the task he was instructed to perform, and that the failure to provide any such device was the proximate cause of his injuries (*see Mendoza and Salinas, supra*). Plaintiff testified that, when the electrical panel separated from the wall, the electrical conduit stubs connected to the top of the panel collided with the pipes that ran horizontally beneath the ceiling, redirecting the panel so that instead of falling away from plaintiff, it fell onto his left arm and shoulder, causing severe injury. Defendant's argument—that plaintiff's admitted failure to test the electrical panel prior to applying force with the crowbar was the sole proximate cause of his accident—is unavailing because no evidence was presented remotely suggesting that plaintiff had adequate safety devices available, that he knew they were available and he was expected to use them, that he chose for no good reason not to do so, or that had he not made that choice he would not have been injured (*see Kosavick v Tishman Constr. Corp. of N.Y.*, 50 AD3d 287, 288 [2008]).

Plaintiff has conceded that he has no viable claims under section 200 and for common-law negligence. The undisputed evidence demonstrates that defendant did not supervise, direct or control plaintiff's work (*see Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494, 505 [1993]).

On the other hand, the section 241 (6) cause of action raises triable issues of fact. Plaintiff abandoned any reliance on the various provisions of the Industrial Code cited in his bill of particulars by failing to address them either in the motion court or on appeal, except for Industrial Code (12 NYCRR) § 23-3.3 (c), which mandates regular inspections "to detect any hazards to any person resulting from weakened or deteriorated floors or walls or from loosened material" during "hand demolition operations," and further requires that protection against any such discovered hazards be provided by "shoring, bracing or other effective means." We have held that section 23-3.3 (c) creates a specific standard of care, violation of which can establish liability under Labor Law § 241 (6) (*see Gawel v Consolidated Edison Co. of N.Y.*, 237 AD2d 138 [1997]). Plaintiff established that defendant violated the rule by failing to designate an individual to conduct the required inspections, and that the "loosened material" language of the rule could cover the electrical panel allegedly improperly secured to the wall. It is not possible to discern on this record whether the work being performed at the building amounted to "demolition" within the general meaning of Industrial Code § 23-3.3, or whether any specific

violation of section 23-3.3 (c) was the proximate cause of plaintiff's injuries. "Demolition" is defined in the Code as "work incidental to or associated with the total or partial dismantling or razing of a building or other structure including the removing or dismantling of machinery or other equipment" (12 NYCRR 23-1.4 [b] [16]). Our decisions have required that in order to constitute demolition within the meaning of section 23-3.3, the work must involve "changes to the structural integrity of the building" as opposed to mere renovation of the interior (*Solis v 32 Sixth Ave. Co. LLC*, 38 AD3d 389, 390 [2007]; *see also Baranello v Rudin Mgt. Co.*, 13 AD3d 245, 246 [2004], *lv denied* 5 NY3d 706 [2005]). The evidence presented on the motion did not establish conclusively that the asbestos removal project being carried out at One State Street amounted to demolition within the meaning of the Code. Concur—Saxe, J.P., Friedman, Acosta, Renwick and Abdus-Salaam, JJ.