(February 17, 2015)

■ PAULO DaSILVA, Appellant, v HAKS ENGINEERS, ARCHITECTS AND LAND SURVEYORS, P.C., et al., Respondents. [4 NYS3d 162]—

Order, Supreme Court, New York County (Donna M. Mills, J.), entered October 8, 2013, which granted defendants' motions for summary judgment dismissing the complaint, unanimously affirmed, without costs.

In this action alleging violations of Labor Law §§ 200, 240 (1) and 241 (6), plaintiff, a construction worker employed by nonparty Yonkers Contracting, Inc., was injured when, while working on the construction of the Croton Falls Dam, a project undertaken by nonparty Department of Environmental Protection (DEP), the plank of the scaffold he was standing on shifted, causing him to fall to the concrete below. DEP had entered into a construction management services contract (CMS) with defendant Haks Et Joint Venture which constituted of co-defendants Earth Tech Northeast, Inc. and Haks Engineers, Architects and Land Surveyors, P.C. pursuant to which defendants had project management responsibilities which included providing a resident engineer and making sure that construction contractors had necessary permits and maintained their records in ac-

cordance with standard practice. The construction manager was also responsible for reviewing the health and safety plans of contractors, as well as "develop[ing] and implement[ing] an overall Health and Safety Plan addressing activities associated with existing on-site conditions." However, the CMS specified that "[t]he [construction manager] will not supervise, direct, control or have authority over or be responsible for each contractor's means, methods, techniques, sequences or procedures of construction or the safety precautions and programs incident thereto." If it became apparent that the means and methods of construction proposed by the construction contractors would constitute or create a hazard, then the construction manager was required to "notify the Commissioner, or . . . his/her duly authorized representative."

Where a claim under Labor Law § 200 is based on alleged defects or dangers arising from a subcontractor's methods or materials, liability cannot be imposed on an owner or general contractor unless it is shown that it exercised some supervisory control over the work (*Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494, 505 [1993]; *Cappabianca v Skanska USA Bldg. Inc.*, 99 AD3d 139, 143-144 [1st Dept 2012]). Defendants established that under the CMS they were not obligated to exercise supervisory control over the construction contractor's means or methods of work, nor did they assume such responsibility (*see Suconota v Knickerbocker Props., LLC*, 116 AD3d 508 [1st Dept 2014]). Although under the CMS the construction manager had some general duties to monitor safety at the work site, and defendants' personnel were on site on a daily basis, these general supervisory duties are insufficient to form a basis for the imposition of liability (*Suconota v Knickerbocker Props., LLC*, 116 AD3d at 508 [citation omitted]).

Defendants also established that they were not the property owner's statutory agent for purposes of Labor Law §§ 240 (1) or 241 (6) such that they should be held vicariously liable for plaintiff's injuries (*see Walls v Turner Constr. Co.*, 4 NY3d 861, 863-864 [2005]). The CMS did not confer upon the construction manager the right to exercise supervisory control over the individual contractors, nor were defendants authorized to stop the work if their personnel observed an unsafe practice (*see Walls v Turner Constr. Co.*, 4 NY3d at 864). The construction manager was only obligated to notify the project owner or its duly authorized representative of such a situation. Accordingly, defendants established their entitlement to summary judgment.

In opposition, plaintiff argues that, despite the terms of the CMS, defendants actually functioned as a general contractor

and/or that defendants actually supervised the work. Plaintiff does not offer any facts to support this claim and it is contradicted by the terms of the CMS. There is no evidence that plaintiff interacted with defendants' personnel, that they supervised his work, or that he ever reported to them.

Since plaintiff failed to raise a triable issue of fact regarding defendants' authority to supervise and control the work, defendants were properly granted summary judgment.

Contrary to plaintiff's contention, defendants' motions were not premature although discovery was incomplete. "A grant of summary judgment cannot be avoided by a claimed need for discovery unless some evidentiary basis is offered to suggest that discovery may lead to relevant evidence" (*Bailey v New York City Tr. Auth.*, 270 AD2d 156, 157 [1st Dept 2000]). Plaintiff's argument, that he had no access to vital information about defendants' actual roles and duties at the job site, or that he was deprived of an opportunity to elicit material facts, only expresses a mere hope or speculation that discovery might turn up some evidence giving rise to a triable issue of fact. Thus, there is no basis for denial or continuance of the motion pursuant to CPLR 3212 (f) (*Cooper v 6 W. 20th St. Tenants Corp.*, 258 AD2d 362, 362 [1st Dept 1999]).

We have considered plaintiff's additional arguments and find them unavailing. Concur—Gonzalez, P.J., Friedman, Andrias, Gische and Kapnick, JJ. **[Prior Case History: 2013 NY Slip Op 32397(U).]**