JOSE PAULINO et al., Respondents, v 580 8TH AVENUE REALTY CO., LLC, Respondent, and DRY NEW YORK INC., Appellant, et al., Defendant. [30 NYS3d 88]—

Amended order, Supreme Court, Bronx County (Wilma Guzman, J.), entered April 6, 2015, which, to the extent appealed from, denied defendant Dry New York Inc.'s motion for summary judgment dismissing the Labor Law §§ 240 (1) and 241 (6) claims against it, and granted plaintiffs' motion for partial summary judgment on their Labor Law § 240 (1) claim as against defendant Dry New York, unanimously reversed, on the law, without costs, Dry New York's motion granted, plaintiff's motion denied, and the complaint dismissed against Dry New York. The Clerk is directed to enter judgment accordingly. Appeal from order, same court and Justice, entered February 11, 2015, unanimously dismissed, without costs, as superseded by the appeal from the amended order.

Plaintiff Jose Paulino was dismantling a scaffold outside a building when a plank on which he was standing broke, causing him to fall and sustain injuries. The accident occurred after completion of facade restoration work of a building owned by defendant 580 8th Avenue Realty Co., LLC (580). 580 retained defendant Dry New York to perform the facade work, and also retained plaintiff's employer, nonparty S&E Bridge Scaffold (S&E), to construct the subject scaffold for work on the front of the building.

Contrary to the motion court's conclusion, Dry New York was not a general contractor on the project, as it was not responsible for "the co-ordination and execution of all the work under all the contracts" on the project (*Russin v Louis N. Picciano & Son*, 54 NY2d 311, 316 [1981]). Rather, the record demonstrates that 580 separately retained various prime contractors for the job, and coordinated the work among all those contractors itself.

Nor can Dry New York be held responsible as a statutory "agent" under Labor Law § 240 (1) or § 241 (6). Although the contract between 580 and Dry New York delegated Dry New York authority to supervise and control all work related to its facade restoration work, including the safety of the subject scaffold (*see Walls v Turner Constr. Co.*, 4 NY3d 861, 864 [2005]), such authority was limited only to the extent that Dry New York used the scaffold to perform its contracted for facade work (*see Russin*, 54 NY2d at 318). Here, it is undisputed that the facade work had been completed at the time of the

dismantling of the scaffold. It is also undisputed that 580 retained S&E for construction of the scaffold, and directed S&E to dismantle the scaffold after Dry New York informed it that the scaffold was no longer needed. Concur—Acosta, J.P., Renwick, Manzanet-Daniels, Kapnick and Gesmer, JJ.