# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**990**

**CA 16-00252**

PRESENT: WHALEN, P.J., PERADOTTO, NEMOYER, CURRAN, AND TROUTMAN, JJ.

---

WILLIAM J. KUHN, PLAINTIFF-APPELLANT,

V                                                    MEMORANDUM AND ORDER

WILLIAM GIOVANNIELLO AND LORRAINE GIOVANNIELLO,
DEFENDANTS-RESPONDENTS.

---

PULOS AND ROSELL, LLP, HORNELL (WILLIAM W. PULOS OF COUNSEL), FOR
PLAINTIFF-APPELLANT.

LAW OFFICES OF JOHN TROP, ROCHESTER (TIFFANY D'ANGELO OF COUNSEL), FOR
DEFENDANTS-RESPONDENTS.

---

Appeal from an order of the Supreme Court, Steuben County (Peter C. Bradstreet, A.J.), entered May 7, 2015. The order granted the motion of defendants for summary judgment, dismissed the complaint and denied the cross motion of plaintiff for partial summary judgment.

It is hereby ORDERED that the order so appealed from is affirmed without costs.

Memorandum: In this Labor Law § 240 (1) action, plaintiff seeks damages for injuries he allegedly sustained while he was removing and replacing a sewer pipe in the basement of defendants' pizzeria. Contrary to plaintiff's contention, Supreme Court properly granted defendants' motion for summary judgment dismissing the complaint and denied plaintiff's cross motion for partial summary judgment on the issue of liability. According to plaintiff, while standing at ground level, he was struck in the shoulder by a falling pipe that weighed approximately 60 pounds. "Liability may . . . be imposed under [Labor Law § 240 (1)] only where the 'plaintiff's injuries were the direct consequence of a failure to provide adequate protection against a risk arising from a physically significant elevation differential' " (*Nicometi v Vineyards of Fredonia, LLC*, 25 NY3d 90, 97, *rearg denied* 25 NY3d 1195, quoting *Runner v New York Stock Exch., Inc.*, 13 NY3d 599, 603). Although there is conflicting deposition testimony concerning the exact elevation of the pipe, it is undisputed that the pipe was, at most, one foot above plaintiff's head, and that the pipe was always within his reach. We therefore conclude that plaintiff's injury did not fall within the scope of section 240 (1) inasmuch as "any height differential between plaintiff and the [pipe] that fell on him was de minimis" (*Joseph v Lakeside Bldrs. & Devs.*, 292 AD2d 840, 841; *see Capparelli v Zausmer Frisch Assoc.*, 96 NY2d 259, 269-270; *Christiansen v Bonacio Constr., Inc.*, 129 AD3d 1156, 1158-1159).

All concur except WHALEN, P.J., and PERADOTTO, J., who dissent in part and vote to modify in accordance with the following memorandum: We respectfully dissent in part. Unlike the majority, we cannot conclude that the elevation differential here was de minimis and that plaintiff is thus deprived of the protection of Labor Law § 240 (1). Plaintiff sustained an injury when a section of iron sewer pipe that he was engaged to cut and replace broke loose, fell, and struck him in the shoulder. Defendants submitted evidence that the section of pipe that fell was five to seven feet long and weighed between 60 and 80 pounds. In our view, plaintiff's "activity clearly posed a significant risk to [his] safety due to the position of the heavy [pipe] above [his head], even if such elevation differential was slight, and [it] was thus a task where a . . . securing device of the kind enumerated in the statute was . . . necessary and expected" (*Cardenas v One State St., LLC*, 68 AD3d 436, 437; *see Zimmer v Town of Lancaster Indus. Dev. Agency*, 125 AD3d 1315, 1316). Indeed, it is undisputed that, earlier in the project, plaintiff had used such a securing device, i.e., straps, to protect himself from the risk of a pipe falling and striking him. The evidence was thus sufficient to establish as a matter of law that "plaintiff's injuries were the direct consequence of a failure to provide adequate protection against a risk arising from a physically significant elevation differential" (*Runner v New York Stock Exch., Inc.*, 13 NY3d 599, 603). We would therefore modify the order by denying that part of defendants' motion seeking summary judgment dismissing the Labor Law § 240 (1) cause of action and reinstating that cause of action.

We join the majority, however, in affirming that part of the order denying plaintiff's cross motion seeking partial summary judgment on Labor Law § 240 (1) liability, inasmuch as defendants submitted evidence that the straps that had previously been used on the project remained available at the jobsite and that plaintiff did not use them to secure the pipe that fell and struck him. That evidence raised triable issues of fact whether plaintiff's conduct was the sole proximate cause of the accident (*see Cahill v Triborough Bridge & Tunnel Auth.*, 4 NY3d 35, 39-40; *Fazekas v Time Warner Cable, Inc.*, 132 AD3d 1401, 1403-1404).

Entered:  December 23, 2016                    Frances E. Cafarell
                                               Clerk of the Court