Uzeyiroglu v Edler Estate Care Inc. (2019 NY Slip Op 03285)





Uzeyiroglu v Edler Estate Care Inc.


2019 NY Slip Op 03285


Decided on April 30, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 30, 2019

Friedman, J.P., Gische, Webber, Kahn, Oing, JJ.


9132 157947/15

[*1]Naci Uzeyiroglu, et al., Plaintiffs-Appellants,
v
Edler Estate Care Inc., Defendant-Respondent, Jon P. Vaccari, et al., Defendants.


The Law Offices of Edmond C. Chakmakian P.C., Hauppauge (Edmond C. Chakmakian of counsel), for appellants.
Gorton & Gorton, LLP, Garden City (John T. Gorton of counsel), for respondent.



Order, Supreme Court, New York County (Lucy Billings, J.), entered June 18, 2018, which denied plaintiffs' motion for summary judgment on the issue of liability as to their Labor Law § 240(1) claim against defendant Edler Estate Care Inc. (Edler), unanimously affirmed, without costs.
Plaintiff Naci Uzeyiroglu was injured when, while performing construction work for his employer Tebbens Steel LLC (Tebbens) at a residential property, he fell off of a ladder. He commenced this Labor Law action against, among others, Edler, alleging that Edler was the general contractor of the construction. Pursuant to an agreement between Edler and the owners of the premises, Edler was responsible for the "day to day operations of site, trade coordination, material delivery and handling, schedule required inspections, coordination with home owner on scheduling, material delivery, and quality control."
To be found a "general contractor" for purposes of establishing liability pursuant to Labor Law § 240(1), plaintiffs must show that Edler had the ability to control the activity bringing about the injury and the authority to correct unsafe conditions (See DaSilva v Haks Engrs., Architects & Land Surveyors, P.C., 125 AD3d 480, 481 [1st Dept 2015]). Here, plaintiffs failed to establish, as a matter of law, that Edler had the ability to control Tebben's work at the premises or stop the work. The record reflects that although Edler was hired to "supervise" the project, Edler did not hire, retain or pay any of the contractors working at the premises (see e.g. Russin v Louis N. Picciano & Son, 54 NY2d 311 [1981]; Paulino v 580 8th Ave. Realty Co., LLC, 138 AD3d 631 [1st Dept 2016]). Moreover, the homeowner testified that he "assume[d]" that Edler had safety responsibilities and that it was his understanding that Edler had the authority to stop work on the job site if an unsafe condition arose. However, Edler's principal denies that he had the authority to stop the work at the premises, and the agreement between Edler and the homeowner does not specifically confer upon Edler the authority to stop the work if an unsafe condition was observed (see DaSilva, 125 AD3d at 481). Rather, it provides that part of Edler's "site supervision" responsibilities included supervising "day to day operations" of the site and trade. An issue of fact remains as to whether this includes supervision of the safety conditions.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: APRIL 30, 2019
CLERK