Gutierrez v 610 Lexington Prop., LLC (2020 NY Slip Op 00361)





Gutierrez v 610 Lexington Prop., LLC


2020 NY Slip Op 00361


Decided on January 16, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 16, 2020

Friedman, J.P., Richter, Kern, Singh, JJ.


10800 162787/15

[*1] Flavio Gutierrez, Plaintiff-Respondent,
v
610 Lexington Property, LLC, et al., Defendants-Appellants.


Barry McTiernan & Moore LLC, New York (Laurel A. Wedinger of counsel), for appellants.
Block O'Toole & Murphy, New York (David L. Scher of counsel), for respondent.



Order, Supreme Court, New York County (Kathryn E. Freed, J.), entered June 3, 2019, which, insofar as appealed from, denied defendants' motion for summary judgment dismissing plaintiff's Labor Law § 240(1) claim, and granted plaintiff's motion for partial summary judgment on the issue of liability on the § 240(a) claim, unanimously affirmed, without costs.
Summary judgment was properly granted to plaintiff on his Labor Law § 240(1) claim, where he was injured when, while being passed a heavy concrete form from workers on a scaffold above, he was unable to control the form's descent and fell backwards (see Runner v New York Stock Exch., Inc., 13 NY3d 599 [2009]; Cardenas v One State St., LLC, 68 AD3d 436 [1st Dept 2009]). The fact that a nail was embedded in the form and scratched plaintiff immediately prior to his losing control of the form does not take this matter out of the protections of section 240(1). Even if, as claimed by defendants, plaintiff was receiving a lighter sheet of plywood form cover, rather then the heavier rubber covered form, it is irrelevant because under either version of the accident, liability lies (see John v Baharestani, 281 AD2d 114, 119 [1st Dept 2001]). Nor was it plaintiff's responsibility to seek additional help after his partner was called away to perform another task (see DeRose v Bloomingdale's Inc., 120 AD3d 41, 47 [1st Dept 2014]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 16, 2020
CLERK