Endurance Am. Specialty Ins. Co. v Harleysville Worcester Ins. Co. (2020 NY Slip Op 00683)





Endurance Am. Specialty Ins. Co. v Harleysville Worcester Ins. Co.


2020 NY Slip Op 00683


Decided on January 30, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 30, 2020

Richter, J.P., Gische, Mazzarelli, Gesmer, JJ.


10927 654568/17

[*1] Endurance American Specialty Insurance Company, et al., Plaintiffs-Respondents,
v
Harleysville Worcester Insurance Company, Defendant-Appellant, Women Work Construction Corp. doing business as WWC Corporation, Defendant.


Riker Danzig Scherer Hyland & Perretti LLP, New York (Jeffrey A. Beer, Jr. of counsel), for appellant.
Fleischner Potash LLP, New York (Alexandra E. Rigney of counsel), for respondents.



Order, Supreme Court, New York County (Robert R. Reed, J.), entered January 29, 2019, which granted the motion of plaintiffs Endurance American Specialty Insurance Company (Endurance), NYCHA Public Housing Preservation I, LLC and New York City Housing Authority (collectively NYCHA) for summary judgment, denied the motion of defendant Harleysville Worcester Insurance Company (Harleysville) for summary judgment and for leave to amend to assert a counterclaim, and declared that Harleysville and Endurance each owe a pro rata share of the defense and indemnity of plaintiffs in the underlying personal injury action and that Harleysville must contribute to the defense of the underlying action and reimburse all fees and costs of defense incurred by Endurance to date, unanimously reversed, on the law, without costs, the declaration vacated, plaintiffs' motion denied, and Harleysville's motion granted.
Endurance's policy provides primary coverage, by its plain terms, under its "Primary Non-Contributory Endorsement" to defendant Women Work Construction Corp.'s (WWC) additional insured, NYCHA. It further specifically provides that it will not seek contribution from any other insurance available to NYCHA. As such, Endurance has waived any contribution from Harleysville (see Arch Ins. Co. v Harleysville Worcester Ins. Co., 2014 WL 3377124, 2014 US Dist LEXIS 91928 [SD NY, July 7, 2014, No. 13-Civ-7350 (DLC)]).
Furthermore, the Harleysville policy, by its terms, provides excess coverage to NYCHA, and the underlying contract between WWC and Harleysville did not "specifically" require the Harleysville policy to be primary (Kel-Mar Designs, Inc. v Harleysville Ins. Co. of N.Y., 127 AD3d 662, 663 [1st Dept 2015]). The parties are therefore not co-primary insurers (cf. Sport Rock Intl., Inc. v American Cas. of Reading, Pa., 65 AD3d 12 [1st Dept 2009]), and Harleysville has no obligation to provide primary coverage.
Leave to amend is to be freely given (CPLR 3025[b]). Harleysville should thus be provided the opportunity to amend its answer to assert a counterclaim for contribution by Endurance for costs incurred in defense of the second third-party complaint in the underlying personal injury action.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 30, 2020
CLERK