Mayorga v 75 Plaza LLC (2021 NY Slip Op 01204)





Mayorga v 75 Plaza LLC


2021 NY Slip Op 01204


Decided on February 25, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 25, 2021

Before: Acosta, P.J., Renwick, Singh, Mendez, JJ. 


Index No. 159760/16 Appeal No. 13201 Case No. 2019-4754 

[*1]Jose Mayorga, Plaintiff-Appellant,
v
75 Plaza LLC et al., Defendants-Respondents.
75 Plaza LLC et al., Third-Party Plaintiffs-Respondents,
v
All State Interior Demolition, Inc., Third-Party Defendant-Respondent. [And a Third-Party Action.]


Pollack Pollack Isaac & DeCicco, LLP, New York (Jillian Rosen of counsel), for appellant.
Law Office of Tromello & Fishman, Melville (Nikolaos E. Diamantis of counsel), for 75 Plaza LLC, RXR Realty, LLC and RXR Construction and Development LLC, respondents.
Litchfield Cavo LLP, New York (Anthony Broccolo of counsel), for All State Interior Demolition, Inc., respondent.



Order, Supreme Court, New York County (Kathryn E. Freed, J.), entered May 3, 2019, which, insofar as appealed from, denied plaintiff's motion for summary judgment on liability on his Labor Law § 240(1) claim and his Labor Law § 241(6) claim predicated on Industrial Code § 23-3.3(b)(3) and (c) against defendant RXR Construction & Development LLC, unanimously modified, on the law, to grant plaintiff's motion to the extent it seeks summary judgment on the Labor Law § 240(1) claim, and otherwise affirmed, without costs.
Plaintiff demolition worker commenced this action alleging, inter alia, violations of Labor Law §§ 240(1) and 241(6) and seeking to recover for personal injuries he allegedly sustained when a fire damper he was removing from a wall fell on him. Third-party defendant/second-third party plaintiff All State Interior Demolition, Inc. (All State) which had been retained to perform the demolition work, commenced a second third-party action against United Interior Renovations LLC (United), alleging that it had subcontracted the demolition work to United.
The fire damper was about eight feet from the ground above a door frame and weighed 200 pounds. A rope, which had been attached to the damper and looped over the temporary frame in front of the damper, was held by a coworker to prevent the damper from falling as plaintiff broke the welds holding it in place. However, when he broke the last weld, his coworker was unable to prevent the damper from falling and it fell on plaintiff.
Labor Law § 240(1) imposes on owners, general contractors, and their agents a nondelegable duty to provide safety devices of the type enumerated in the statute to protect against elevation-related hazards in the course of, inter alia, demolition, and they will be absolutely liable for any violation that results in injury regardless of whether they supervised or controlled the work (Ragubir v Gibraltar Mgt. Co., Inc., 146 AD3d 563, 564 [1st Dept 2017]). The statute is violated where an object, while being hoisted or secured, falls because of the absence or inadequacy of a safety device of the kind enumerated in the statute (Narducci v Manhasset Bay Assoc., 96 NY2d 259, 268 [2001]), including where, as here, the inadequacy or absence of a safety device results in the uncontrolled descent of an object (see e.g. Cardenas v One State St., LLC, 68 AD3d 436, 437-438 [1st Dept 2009]; Runner v New York Stock Exch., Inc., 13 NY3d 599 [2009]). Here, plaintiff was entitled to summary judgment because the rope proved inadequate to prevent the damper from falling (Mendoza v Bayridge Parkway Assoc., LLC, 38 AD3d 505, 506-507 [2d Dept 2007]; see Cardenas, 68 AD3d at 437-438; Runner, 13 NY3d 599).
The eight-foot fall of the 200-pound damper that plaintiff was tasked with removing was not an ordinary construction site peril but an elevation-related hazard, within the ambit of Labor Law § 240(1), which was required to be secured against unregulated descent to prevent it from falling [*2]on plaintiff (see Cardenas, 68 AD3d at 437-438; cf. Narducci, 96 NY2d at 268 [Labor Law § 240(1) inapplicable because hoisting or securing device to protect against glass falling from window on which nobody was working would not have been necessary or even expected]). Further, regulating its descent to prevent it from falling would not have been contrary to the purpose of work (see Rutkowski v New York Convention Ctr. Dev. Corp., 146 AD3d 686 [1st Dept 2017]; cf. Salazar v Novalex Contr. Corp., 18 NY3d 134, 139-140 [2011] [where the plaintiff was spreading concrete on floor when he fell in trench, covering trench which was to be filled with concrete, would have defeated purpose of the work]).
Defendants' and All State's contention that plaintiff was the sole proximate cause of the accident for failing to use the ladder, scissor lift, or scaffolds that were provided is sheer speculation contradicted by the record. There is no evidence that plaintiff could have and should have known to use one of those devices rather than have his coworker attempt to lower the damper with the rope (see DeFreitas v Penta Painting & Decorating Corp., 146 AD3d 573, 574 [1st Dept 2017]).
Plaintiff's summary judgment motion was not premature as defendants and All State have failed to offer any evidentiary basis to suggest that further discovery may lead to relevant evidence (see DaSilva v Haks Engrs., Architects & Land Surveyors, P.C., 125 AD3d 480, 482 [1st Dept 2015]). While All State contends that without a deposition from United unspecified issues of fact remain that must be explored, it fails to even offer any explanation for its failure to procure an affidavit from United, its own subcontractor.
However, plaintiff is not entitled to summary judgment on his Labor Law § 241(6) claim. As a predicate for his Labor Law § 241(6) claim, he relies on Industrial Code § 23-3.3(b)(3) and (c) regarding hand demolition operations. However, these provisions are inapplicable to the extent the hazard arose from the demolition work itself as opposed to any structural instability caused by the progress of the demolition (see Garcia v 225 E. 57th St. Owners, Inc., 96 AD3d 88, 91-93 [1st Dept 2012]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 25, 2021