Medouze v Plaza Constr. LLC (2021 NY Slip Op 06094)





Medouze v Plaza Constr. LLC


2021 NY Slip Op 06094


Decided on November 09, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 09, 2021

Before: Renwick, J.P., Singh, Kennedy, Rodriguez, Pitt, JJ. 


Index No. 160202/17 Appeal No. 14593 Case No. 2021-00432 

[*1]Malcolm Medouze, Plaintiff-Respondent,
v
Plaza Construction LLC et al., Defendants-Appellants.


Wilson Elser Moskowitz Edelman & Dicker LLP, New York (Patrick J. Lawless of counsel), for appellants.
Kenneth J. Gorman, New York, for respondent.



Order, Supreme Court, New York County (Shlomo S. Hagler, J.), entered on or about July 9, 2020, which, to the extent appealed from as limited by the briefs, granted plaintiff's motion for summary judgment as to liability on his Labor Law § 240(1) claim and denied defendants' motion for summary judgment dismissing the Labor Law § 240(1) claim, unanimously affirmed, without costs.
Plaintiff, working with several coworkers, was standing on the back of a flatbed truck, lifting a 200- to 300-pound bundle of metal frames so that it could be unloaded onto a loading dock. Plaintiff stepped atop another bundle of frames that remained on the back of the truck, and as he was lifting his side of the bundle, a wooden dunnage securing the frames broke, causing them to bow in the middle and fall. The bundle pulled plaintiff down as he attempted to hold onto it, and he fell approximately three and one-half feet to the loading dock floor, landing on top of the bundle.
Plaintiff established prima facie that defendants violated Labor Law § 240(1) and that he was entitled to summary judgment on his § 240(1) claim, since the inadequacy or failure of a device meant to secure an object is sufficient to impose liability on a defendant under § 240(1) (see Mayorga v 75 Plaza LLC, 191 AD3d 606, 607 [1st Dept 2021], appeal dismissed 37 NY3d 962 [2021]; Gallegos v Bridge Land Vestry, LLC, 188 AD3d 566, 567 [1st Dept 2020]). Here, the wooden dunnage meant to secure the bundle of frames proved inadequate to prevent it from falling. In addition, that plaintiff was pulled down rather than struck by the bundle is of no significance, as his alleged injury flowed directly from the application of the force of gravity to the bundle (see Runner v New York Stock Exchange, 13 NY3d 599, 604 [2009]).
Contrary to defendants' allegations, certain witness statements and a pre-hospital care report by the New York City Fire Department Emergency Medical Service are not inconsistent with plaintiff's version of the accident. Even if they were, they are unsworn and thus insufficient, without more, to defeat plaintiff's entitlement to summary judgment (see Gonzalez v 1225 Odgen Deli Grocery Corp., 158 AD3d 582, 583-584 [1st Dept 2018]). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 9, 2021