Ceresa v City of New York (2022 NY Slip Op 06420)

Ceresa v City of New York

2022 NY Slip Op 06420

Decided on November 15, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 15, 2022

Before: Manzanet-Daniels, J.P., Webber, Mazzarelli, Friedman, Shulman, JJ. 

Index No. 151950/18 Appeal No. 16655-16655A Case No. 2021-03685, 2021-04235 

[*1]Michael Ceresa, Plaintiff-Respondent,
v
The City of New York, et al., Defendants-Respondents, Consolidated Edison Company of New York, Inc., Defendant, The Hallen Construction Co., Inc., Defendant-appellant.

Law Office of Eric Feldman, New York (Evy L. Kazansky of counsel), for appellant.
Krause & Glassmith, LLP, New York (Andrew Padover of counsel), for Michael Ceresa, respondent.
Newman Law Associates PLLC, New York (Gregory P. Bakos of counsel), for The City of New York, New York City Department of Transportation, Metropolitan Transportation Authority and Judlau Contracting, Inc., respondents.

Order, Supreme Court, New York County (J. Machelle Sweeting, J.), entered on or about July 23, 2021, which denied defendant The Hallen Construction Co. Inc.'s motion for summary judgment dismissing the complaint and all cross claims against it, unanimously affirmed, without costs. Order, same court and Justice, entered on or about October 18, 2021, which, upon reargument, adhered to its prior determination, unanimously affirmed, without costs.
The court properly denied Hallen's motion for summary judgment because there was an evidentiary basis to conclude that additional discovery was warranted (see DaSilva v Haks Engrs., Architects & Land Surveyors, P.C. 125 AD3d 480, 482 [1st Dept 2015]). Plaintiff and codefendants are entitled to discovery as to whether the work Hallen performed in the area was in fact on the opposite side of the street and at least 30 feet away from the pothole that caused the accident, as Hallen asserts (see Guzman v City of New York, 171 AD3d 653 [1st Dept 2019]). The street/sidewalk opening reports and permit are unclear on that issue. Moreover, the court granted Hallen leave to file a motion seeking the same relief following the completion of discovery.
Although the denial of a motion to reargue is not appealable as of right (see Lopez v Post Mgt. LLC, 68 AD3d 671 [1st Dept 2009]), here, the court addressed the merits of the parties' arguments, thereby, in effect, granting reargument and adhering to its prior decision, which is appealable as of right (see Lewis v Rutkovsky, 153 AD3d 450, 453 [1st Dept 2017]). The court properly adhered to its prior decision in that Hallen failed to show that it had overlooked or misapprehended facts or law in its prior decision (CPLR2221[d][2]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 15, 2022