Clendenin v VOA of Am. Greater N.Y. Inc (2023 NY Slip Op 01356)

Clendenin v VOA of Am. Greater N.Y. Inc

2023 NY Slip Op 01356

Decided on March 16, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 16, 2023

Before: Friedman, J.P., González, Kennedy, Shulman, Pitt-Burke, JJ. 

Index No. 33475/18E Appeal No. 17523 Case No. 2022-04045 

[*1]Murray Clendenin, Plaintiff-Respondent,
v
VOA of America — Greater New York Inc, Doing Business as Volunteers of America, Sanford Lewis, et al., Defendant-appellants.

Bond, Schoeneck & King, PLLC, Garden City (Jessica C. Moller of counsel), for appellants.

Order, Supreme Court, Bronx County (Kim Adair Wilson, J.), entered March 15, 2022, which denied defendants' motion for summary judgment dismissing the complaint, unanimously reversed, on the law, and the motion granted, without costs. The Clerk is directed to enter judgment accordingly.
Defendants established prima facie entitlement to summary judgment dismissing plaintiff's complaint alleging retaliation in violation of Labor Law § 740, the Whistleblower Law. Defendants showed that plaintiff failed to proffer any admissible evidence raising a triable issue of fact as to whether an actual violation occurred, as opposed to plaintiff's reasonable belief that a violation occurred (see Webb-Weber v Community Action for Health Servs., Inc., 23 NY3d 448, 453-54 [2014]). Indeed, in his response to defendants' interrogatory requesting that he identify every law, rule, or regulation that defendants allegedly violated, plaintiff simply pointed back to the "legal causes of action alleged in [his] complaint," which contained only one cause of action under § 740.
In opposition to defendant's motion, plaintiff failed to raise an issue of fact. Although plaintiff has asserted that defendants violated the employee handbook governing employees of defendant VOA of America — Greater New York Inc., this assertion is insufficient to support his § 740 claim, as a plaintiff must demonstrate an actual violation of law to sustain a cause of action under that section of the Labor Law (Green v Saratoga A.R.C., 233 AD2d 821, 822 [3d Dept 1996]).
Defendants' motion is not premature, as plaintiff has not demonstrated that facts essential to support opposition to the motion may exist but could not be stated without disclosure of particular information (see Mayorga v 75 Plaza LLC, 191 AD3d 606, 608 [1st Dept 2021]; Guerrero v Milla, 135 AD3d 635, 636 [1st Dept 2016]).
We note that Labor Law § 740 was amended to, among other things, protect employees who disclose or threaten to disclose a practice that an employee "reasonably believes is in violation of law, rule or regulation or that the employee reasonably believes poses a substantial and specific danger to the public health or safety" (Labor Law § 740 [2][a]). However, the amendments became effective on January 26, 2022, well after plaintiff made his complaints to defendants or commenced this action.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 16, 2023