| **Azhar v BlackRock Inc.** |
| --- |
| 2026 NY Slip Op 31008(U) |
| March 16, 2026 |
| Supreme Court, New York County |
| Docket Number: Index No. 652565/2024 |
| Judge: Paul A. Goetz |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:   **HON. PAUL A. GOETZ**                                    PART                          47

*Justice*

-------------------------------------------------------------------------------X

HAMDAN AZHAR,

INDEX NO.              652565/2024

Plaintiff,

MOTION DATE          07/25/2025

- v -

MOTION SEQ. NO.          002

BLACKROCK INC., ABC CORPS. 1-10, JOHN AND JANE
DOES 1-10

**DECISION + ORDER ON
MOTION**

Defendant.

-------------------------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document number (Motion 002) 27, 28, 29, 30, 31, 42, 43, 44, 45, 46, 47, 48, 49, 50, 52, 53

were read on this motion to/for                    DISMISS                          .

In this whistleblower retaliation suit, defendant BlackRock Inc., moves pursuant to CPLR § 3211(a)(7), to dismiss the amended complaint as asserted against it. Plaintiff, cross-moves for leave to file a second amended complaint (NYSCEF Doc No 47).

## DISCUSSION

### I.   *Cross-motion to amend*

Plaintiff moves pursuant to CPLR § 3025(b) for leave to amend his complaint. Plaintiff previously amended his complaint once, pursuant to his right provided by CPLR 3025(a) (NYSCEF Doc No 22). "Leave to amend is to be freely given [pursuant to] CPLR 3025(b)" (*Endurance Am. Specialty Ins. Co. v Harleysville Worcester Ins. Co.*, 179 AD3d 625, 626 [1st Dept 2020]). "Where an amended pleading is submitted in response to a pre-answer motion to dismiss, the provident course of action for the motion court is to include the amended complaint in the record … which should then be [decided] based on the sufficiency of the amended pleading" (*Uptown Healthcare Mgt. Inc. v Allstate Ins. Co.*, 117 AD3d 542, 543 [1st Dept

2014]). When an amended pleading does not add new facts, a court's discretion should lean towards allowing amendment (*M.A. Angeliades, Inc. v Hill Intern., Inc.*, 150 AD3d 607 [1st Dept 2017]; *see also Cont. Cas. Co. v R.S. Look, Inc.*, 212 AD2d 1064 [4th Dept 1995]).

Here, plaintiff's second amended complaint (NYSCEF Doc No 47), narrows the complaint, abandons claims against individual defendants, and while he adds some factual details, these details are based upon facts already plead in the first amended complaint (NYSCEF Doc No 22), and thus defendant has failed to show any prejudice it may suffer from allowing amendment and accordingly, plaintiff will be granted leave to amend the complaint (*Dowd v City of New York*, 40 AD3d 908 [2d Dept 2007]). Furthermore, the second amended complaint will be considered when deciding defendant's motion to dismiss.

## II.     Failure to State a Cause of Action

When reviewing a "motion to dismiss for failure to state a cause of action pursuant to CPLR 3211(a)(7), [courts] must accept the facts as alleged in the complaint as true, accord the plaintiff the benefit of every reasonable inference, and determine only whether the facts, as alleged fit within any cognizable legal theory" (*Bangladesh Bank v Rizal Commercial Banking Corp.*, 226 AD3d 60, 85-86 [1st Dept 2024] [internal quotations omitted]). "In making this determination, [a court is] not authorized to assess the merits of the complaint or any of its factual allegations" (*id*. at 86 [internal quotations omitted]). "Dismissal of the complaint is warranted if the plaintiff fails to assert facts in support of an element of the claim, or if the factual allegations and inferences to be drawn from them do not allow for an enforceable right of recovery" (*Connaughton v Chipotle Mexican Grill, Inc*., 29 NY3d 137, 142 [2017]).

### a.  Labor Law § 740

Labor Law § 740 provides that:

> An employer shall not take any retaliatory action against an employee, whether or not within the scope of the employee's job duties, because such employee does any of the following
>
> (a) discloses, or threatens to disclose to a supervisor or to a public body an activity, policy or practice of the employer that the employee reasonably believes is in violation of law, rule or regulation or that the employee reasonably believes poses a substantial and specific danger to the public health or safety;
> (b) provides information to, or testifies before, any public body conducting an investigation, hearing or inquiry into any such activity, policy or practice by such employer; or
> (c) objects to, or refuses to participate in any such activity, policy or practice.

Defendant argues that plaintiff's Labor Law § 740 cause of action must be dismissed, because he has failed to allege that he engaged in protected activity pursuant to the statute. "[F]or pleading purposes, [a plaintiff's] complaint need not specify the actual law, rule or regulation [they reasonably believe to be] violated, although it must identify the particular activities, policies or practices in which the employer allegedly engaged, so that the complaint provides the employer with notice of the alleged complained-of conduct" (*Webb-Weber v Community Action for Human Services, Inc.*, 23 NY3d 448, 451 [2014]). Moreover, since Labor Law § 740's amendment in 2021, a plaintiff need only demonstrate that he held a "reasonable belief" that an employee practice was in violation of law, and that he was retaliated against for disclosing, or threatening to disclose that practice, rather than the previous standard which required an actual showing that the practice was in violation of law (*Clendenin v VOA of Am. - Greater New York Inc.*, 214 AD3d 496 [1st Dept 2023]; *see also Pierce v Better Holdco, Inc.*, 22 CIV. 4748 (AT), 2023 WL 6386920 [SDNY 2023]).

Defendant argues that plaintiff's allegations in the first amended complaint that he was retaliated against for his role in developing the Trend Spotter program, and for his views on

652565/2024   AZHAR, HAMDAN vs. BLACKROCK INC. ET AL
Motion No.  002

Page 3 of 8

Bitcoin regulation, fail to state a cause of action because he failed to adequately plead that these actions constituted protected activity. Plaintiff's second amended complaint abandons these theories of liability, and plaintiff fails to address them in his opposition to the motion. Since plaintiff's motion to amend his first amended complaint will be granted, the portion of the motion seeking to dismiss these theories of liability is moot.

In the second amended complaint, plaintiff relies on two avenues of alleged protected activity. Plaintiff alleges that he was retaliated against for his complaints to supervisors about BlackRock's violations of fiduciary duties, self-dealing, and fraud related to a contract awarded by BlackRock to a third-party vendor, Rightpoint. Plaintiff also alleges that he was retaliated against for raising concerns to his supervisors about discrimination suffered by Muslim employees.

### i.    Rightpoint Contract

Plaintiff's allegations regarding the Rightpoint contract, stem from BlackRock's hiring of a vendor to build a set of reporting dashboards for BlackRock's marketing team (NYSCEF Doc No 47 ¶ 23). Plaintiff's supervisors, Tiffany Perkins-Munn and Riaz Hakkim arranged for six different vendors to submit bids for the project (*id.*). Plaintiff alleges that the Research and Development ("RAD") Leadership Team ranked the vendors' bids based on a rubric, and following their initial ranking Rightpoint did not have the highest rating, nor did they submit the lowest bid (*id.* at ¶¶ 24, 27). Plaintiff alleges that in a meeting to discuss the selection, Perkins-Munn announced that they were adding a new category to the rubric entitled, ESG, standing for Environmental, Social, and Governance (*id.* at ¶ 28). Plaintiff alleges that Perkins-Munn informed the RAD Leadership Team that Rightpoint earned the highest score on ESG and was awarded the contract (*id.* at ¶ 32). However, plaintiff alleges that he later discovered that Perkins-

652565/2024   AZHAR, HAMDAN vs. BLACKROCK INC. ET AL
Motion No.  002

Page 4 of 8

4 of 8

Munn failed to disclose that her husband, Damien Scott was a Managing Director at Rightpoint, and plaintiff grew to believe that the ESG priority was a post-hoc justification to award a contract to her husband's company (*id*. at ¶¶ 35-39).

Plaintiff alleges that on May 11, 2022, he received an out of office email from the Rightpoint Vice President, which redirected urgent messages to Damien Scott (NYSCEF Doc No 47 ¶ 80). Following a meeting with Rightpoint later that day, plaintiff alleges that he realized that the Damien Scott mentioned in the out of office email, was Perkins-Munn's husband, whom he had met years earlier (*id*. at ¶ 95-97). Plaintiff alleges that he informed Hakkim of his discovery, that he believed this undisclosed relationship constituted an illegal conflict of interest, a breach of fiduciary duty, and potentially a violation of securities disclosure obligations, and that he refused to endorse or participate in an extension of Rightpoint's contract (*id*. at ¶¶ 100, 102-04).

Plaintiff alleges that on May 13, 2022, Hakkim informed him that Rightpoint had filed a complaint about plaintiff, alleging that he was confrontational and belittling, during a May 11, 2022 meeting (*id*. at ¶¶ 117-19). On May 18, 2022 plaintiff's employment was terminated, with Hakkim citing the Rightpoint complaint as the impetus for the decision (*id*. at ¶ 123-29).

Defendant argues that these allegations fail to plead that he engaged in protected activity, because he did not raise financial disclosure rules with Hakkim or anyone else at BlackRock and only stated that the nondisclosure of the relationship violated on of BlackRock's "core principals." Defendants are correct that retaliation predicated upon complaints about violations of internal company policies cannot support a Labor Law § 740 claim (*see Clendenin v VOA of Am. - Greater New York Inc.*, 214 AD3d 496 [1st Dept 2023] [assertion that defendants violated employee handbook insufficient to support § 740 claim]). However, affording plaintiff's saecond

amended complaint,[1] a liberal construction and affording plaintiff's allegations every favorable inference, as required on a CPLR § 3211(a)(7), motion to dismiss, the complaint is sufficient to state a cause of action under Labor Law § 740 (*see Gruessner v State*, 232 AD3d 743 [2d Dept 2024] [Labor Law § 740 claim sufficiently plead when plaintiff identifies specific company practice he reasonably thought was illegal]).

Considering BlackRock's role as a financial institution, it is reasonable to assume that plaintiff believed that the non-disclosure of the personal relationship between Perkins-Munn and Scott was in violation of financial laws and regulations pertaining to self-dealing. Further, while defendant argues that the contract was not unlawful, the amended Labor Law § 740 does not require an actual showing that the transaction violated the law, and while defendant further argues that it was unreasonable for plaintiff to believe the contract award was illegal, defendant will have the opportunity to argue this issue of fact at later stages in the litigation, but at this juncture plaintiff has adequately stated that he engaged in protected activity as to the Rightpoint contract.

Defendant also argues that plaintiff has failed to establish a causal connection between his alleged complaints and BlackRock's retaliatory action against him. Defendant argues that in his second amended complaint, plaintiff admits that Alex Craddock, interim Chief Marketing Officer of BlackRock, signed off personally on the termination (NYSCEF Doc No 47 at ¶ 128). However, plaintiff fails to allege that Craddock had knowledge of plaintiff's complaints about the Rightpoint contract. Thus, defendant argues, plaintiff failed to plead a causal connection between the protected activity and the retaliatory action, because one of the ultimate decision makers was unaware of his whistleblower activities.

---

[1] Plaintiff also adequately alleges these facts in the first amended complaint (NYSCEF Doc No 22 at ¶¶ 194-225).

**652565/2024   AZHAR, HAMDAN vs. BLACKROCK INC. ET AL**
**Motion No.  002**

**Page 6 of 8**

6 of 8

While a Labor Law § 740 claim requires a showing of causal connection, often through direct evidence of retaliatory animus, "'temporal proximity ... may, under some circumstances, be sufficient in itself to permit the inference of a causal connection' for the purpose of a discrimination or retaliation claim" (*Margarita v Mtn. Time Health, LLC*, 240 AD3d 584, 587 [2d Dept 2025]). Here, plaintiff alleges that his employment was terminated only one week after raising his complaints to Hakkim. Further, plaintiff alleges that Hakkim refused to provide him with evidence of the alleged complaints made against him (NYSCEF Doc No 47 ¶ 121). While, defendant will be free to argue that the actual reason behind plaintiff's termination was performance issues, at this juncture of the litigation both the temporal proximity between plaintiff's alleged protected activity and his termination, and the facts alleged by plaintiff regarding retaliatory animus are sufficient to state a Labor Law § 740 cause of action and accordingly, the action will not be dismissed.

### ii. Discrimination

Plaintiff also alleges that on April 19, 2022 he raised concerns to Hakkim about anti-Muslim discrimination suffered by BlackRock coworkers (*id*. at ¶ 63). Plaintiff alleges that he organized a Ramadan iftar dinner for Muslim employees at BlackRock on April 26, 2022 (*id*. at ¶ 66). Plaintiff alleges that the following day Hakkim mentioned that multiple complaints had been made against plaintiff (*id*. at ¶¶ 69-70).

Here, "[p]laintiff's 'conclusory assertions' of discrimination are unsupported by sufficient factual allegations" (*Kola v City of New York*, 245 AD3d 513, 514 [1st Dept 2026]) and thus are insufficient to support his Labor Law § 740 cause of action. While plaintiffs can sustain a Labor Law § 740 cause of action based upon whistleblower complaints that coworkers were being discriminated against (*see Goldberg v Bespoke Real Estate LLC*, 23-CV-5614 (JPO), 2024 WL

[* 7]

1256006 [SDNY 2024]), here, plaintiff fails to plead details on the actual discrimination which his coworkers allegedly suffered, to sufficiently "provide[ BlackRock] with notice of the alleged complained-of conduct" (*Webb-Weber*, 23 NY3d at 451]). Accordingly, to the extent that plaintiff relies on his complaints about anti-Muslim discrimination suffered by his coworkers as a basis for his Labor Law § 740 cause of action, those allegations will be dismissed.

Accordingly it is

ORDERED that the portion of defendant's motion seeking to dismiss the Labor Law § 740 cause of action predicated upon the Rightpoint contract is denied; and it is further

ORDERED that the portion of defendant's motion seeking to dismiss the Labor Law § 740 cause of action predicated upon the discrimination is granted; and it is further

ORDERED that the plaintiff's cross-motion for leave to amend the complaint herein is granted, and the second amended complaint in the proposed form annexed to the moving papers shall be deemed served upon service of a copy of this order with notice of entry thereof; and it is further

ORDERED that the defendant shall serve an answer to the second amended complaint or otherwise respond thereto within 20 days from the date of service.

20260316171737PGOETZ48E947CA8E224A8C9BFABB8005E51060

| __3/16/2026__ | | | | | | |
|---|---|---|---|---|---|---|
| **DATE** | | | | **PAUL A. GOETZ, J.S.C.** | | |
| CHECK ONE: | ☐ | CASE DISPOSED | ☒ | NON-FINAL DISPOSITION | | |
| | ☐ | GRANTED | ☐ DENIED | ☒ | GRANTED IN PART | ☐ OTHER |
| APPLICATION: | ☐ | SETTLE ORDER | | ☐ | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | ☐ | INCLUDES TRANSFER/REASSIGN | | ☐ | FIDUCIARY APPOINTMENT | ☐ REFERENCE |

**652565/2024   AZHAR, HAMDAN vs. BLACKROCK INC. ET AL**
**Motion No. 002**                                                                                        **Page 8 of 8**

8 of 8