■ ROHAN RAGUBIR, Appellant-Respondent, v GIBRALTAR MANAGEMENT CO., INC., et al., Respondents-Appellants. (And a Third-Party Action.) [45 NYS3d 76]—

Order, Supreme Court, Bronx County (Mary Ann Brigantti, J.), entered December 7, 2015, which, insofar as appealed from as limited by the briefs, denied plaintiff's motion for partial summary judgment on the issue of liability on his Labor Law § 240 (1) cause of action, and denied defendants' motion for summary judgment dismissing the Labor Law §§ 240 (1) and 241 (6) causes of action, unanimously modified, on the law, to the extent of granting plaintiff's motion, and otherwise affirmed, without costs.

Labor Law § 240 (1) imposes on owners, general contractors and their agents a nondelegable duty to provide safety devices to protect against elevation-related hazards on construction sites, and they will be absolutely liable for any violation that results in injury regardless of whether they supervised or controlled the work (*see Blake v Neighborhood Hous. Servs. of N.Y. City*, 1 NY3d 280, 287-288 [2003]). Where use of such a safety device would defeat or be contrary to the purpose of the work, however, no liability will attach for the failure to provide such a device (*see Salazar v Novalex Contr. Corp.*, 18 NY3d 134, 139-140 [2011]; *Maldonado v AMMM Props. Co.*, 107 AD3d 954 [2d Dept 2013]).

Here, Raymond Lynch, the owner of defendant RA Lynch Excavating, acknowledged that demolition of the structure was to occur bay by bay, that plaintiff was in a different bay 40 feet from where the excavator operated by Lynch was grabbing at the roof, and that he was not expecting the roof of the adjoining bay to collapse. Such testimony established that the roof above plaintiff was not the intended target of the demolition at the time it collapsed on him, notwithstanding Lynch's testimony that the object of the work was to get the entire roof on the ground as fast as possible and that he was happy the roof of the adjoining bay came down at the same time, although he was unaware plaintiff was there. Accordingly, plaintiff was entitled to judgment as a matter of law on the issue of liability on his Labor Law § 240 (1) claim (*compare Maldonado* at 954-955).

Since that part of the roof above plaintiff was not the intended target of demolition at the time of the collapse, Supreme Court properly denied defendants' motion for summary judgment dismissing the Labor Law § 241 (6) cause of action (*see Card v Cornell Univ.*, 117 AD3d 1225, 1228 [3d Dept 2014]; 12 NYCRR 23-3.4).

Furthermore, defendant Gibraltar Management Co., Inc. was the manager of the property, which handled all activities related to its management and contracted with RA Lynch

Excavating for the demolition of the building. Accordingly, it may be held liable as an agent of the owner pursuant to Labor Law §§ 240 (1) and 241 (6) (*see Voultepsis v Gumley-Haft-Klierer, Inc.*, 60 AD3d 524, 525 [1st Dept 2009]). Concur—Acosta, J.P., Mazzarelli, Manzanet-Daniels, Webber and Gesmer, JJ.