Leveron v Prana Growth Fund I, L.P. (2020 NY Slip Op 01568)





Leveron v Prana Growth Fund I, L.P.


2020 NY Slip Op 01568


Decided on March 10, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 10, 2020

Kapnick, J.P., Oing, Singh, Moulton, JJ.


10884 302203/15

[*1] Jose R. Leveron, Plaintiff-Respondent-Appellant,
v
Prana Growth Fund I, L.P., et al., Defendants-Appellants-Respondents, A-Awan Construction Corp., Defendant-Respondent.


Cascone & Kluepfel, LLP, Garden City (James K. O'Sullivan of counsel), for appellants-respondents.
Wingate, Russotti, Shapiro & Halperin, LLP, New York (David M. Schwarz of counsel), for respondent-appellant.
Weiner Millo Morgan & Bonanno, LLC, New York (Richard A. Walker of counsel), for respondent.



Order, Supreme Court, Bronx County (Donna Mills, J.), entered on or about January 23, 2019, which, insofar as appealed from as limited by the briefs, denied defendants Prana Growth Fund I, L.P., Prana Fund Manager, LLC, and Park Avenue South Management LLC's (the Prana defendants) motion for summary judgment dismissing the complaint and all cross claims as against them and on their contractual indemnification and contribution cross claims against defendant A-Awan Construction Corp., and denied plaintiff's cross motion for partial summary judgment on the Labor Law §§ 240(1) and 241(6) claims, unanimously modified, on the law, to grant the Prana defendants' motion as to the common-law negligence and Labor Law § 200 claims and as to the Labor Law § 241(6) claim predicated on violations of Industrial Code (12 NYCRR) §§ 23-1.7(a) and 23-3.3(g) and (k), and to grant plaintiff's cross motion as to the Labor Law § 240(1) claim, and otherwise affirmed, without costs.
Plaintiff, an employee of nonparty sidewalk shed contractor J & G Construction, Inc., was injured when three or four sections of a sidewalk shed that he was dismantling collapsed onto him. The sidewalk shed had been erected for facade repair work performed by defendant A-Awan Construction Corp.
The collapse of the sidewalk shed is prima facie evidence of a violation of Labor Law § 240(1) (see Thompson v St. Charles Condominiums, 303 AD2d 152, 154 [1st Dept 2003], lv dismissed 100 NY2d 556 [2003]). In opposition, defendants failed to raise a triable issue of fact. Plaintiff's inability to identify the specific piece of the sidewalk shed that struck him is not fatal to his claim, as he is not required to establish the exact manner in which the accident occurred (see Ortega v City of New York, 95 AD3d 125, 128 [1st Dept 2012]). Moreover, securing the sidewalk shed against collapse would not have been contrary to the purpose of the undertaking. The three or four sections that collapsed onto plaintiff when "everything slipped apart" were not the intended target of the demolition at the time of the accident (see Ragubir v Gibraltar Mgt. Co., Inc., 146 AD3d 563, 564 [1st Dept 2017]; cf. Salazar v Novalex Contr. Corp., 18 NY3d 134, 139-140 [2011] [covering trench in floor into which plaintiff fell while spreading concrete onto floor would have been contrary to purpose of work]).
In his cross motion for summary judgment, plaintiff identified, for the first time, four Industrial Code provisions that provided the foundation for his Labor Law § 241(6) claim. On appeal, plaintiff abandoned his arguments under three of those provisions (12 NYCRR 23-1.7[a] [*2]and 23-3.3[g] and [k]). Plaintiff's belated identification of 12 NYCRR 23-3.3(c) in his cross motion for summary judgment does not require dismissal of the claim, because it entailed no new factual allegations, raised no new theories of liability, and caused no prejudice to defendants (see Alarcon v UCAN White Plains Hous. Dev. Fund Corp., 100 AD3d 431, 432 [1st Dept 2012]; Burton v CW Equities, LLC, 97 AD3d 462, 462-463 [1st Dept 2012]). However, plaintiff failed to demonstrate his entitlement to summary judgment under this remaining provision, which requires "continuing inspections" during "hand demolition operations" to protect against hazards "resulting from weakened or deteriorated floors or walls or from loosened material." Issues of fact exist as to whether defendants violated 12 NYCRR 23-3.3(c) and if so, whether any such violation was a proximate cause of the accident.
Plaintiff's argument that 12 NYCRR 23-3.3(b)(3) was violated, raised for the first time on appeal, is fact-based, and therefore not properly before us for consideration (see Nadella v City of New York, 161 AD3d 412, 413 [1st Dept 2018]).
Plaintiff abandoned his common-law negligence and Labor Law § 200 claims as against the Prana defendants by failing to oppose that part of their motion seeking the dismissal of those claims (Ng v NYU Langone Med. Ctr., 157 AD3d 549, 550 [1st Dept 2018]). In any event, because plaintiff's accident resulted from the means and methods of his work, which was directed and controlled solely by his employer, the Prana defendants are entitled to summary judgment dismissing the Labor Law § 200 and common-law negligence claims against them (see Cappabianca v Skanska USA Bldg. Inc., 99 AD3d 139, 143 [1st Dept 2012]).
Pursuant to contract, A-Awan was required to indemnify the Prana defendants, who owned and managed the premises, against claims, damages, etc. arising out of or resulting from negligent acts or omissions by A-Awan or its subcontractors. While it is undisputed that the accident arose from J & G Construction's work, it is sharply disputed whether J & G was A-Awan's subcontractor.
We have considered the Prana defendants' remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MARCH 10, 2020
DEPUTY CLERK