Hyatt v Queens W. Dev. Corp. (2021 NY Slip Op 03147)





Hyatt v Queens W. Dev. Corp.


2021 NY Slip Op 03147


Decided on May 18, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 18, 2021

Before: Kern, J.P., Oing, Singh, Moulton, JJ. 


Index No. 21216/14E Appeal No. 13856 Case No. 2020-03332 

[*1]Dane Hyatt, Plaintiff-Respondent,
v
Queens West Development Corporation, et al., Defendants-Appellants, The Port Authority of New York and New Jersey, et al., Defendants.


Shaub, Ahmuty, Citrin & Spratt LLP, Lake Success (Jonathan P. Shaub of counsel), for appellants.
The Perecman Firm, PLLC, New York (David H. Perecman of counsel), for respondent.



Order, Supreme Court, Bronx County (LlinÉt M. Rosado, J.), entered July 9, 2020, which, to the extent appealed from as limited by the briefs, granted plaintiff's motion for summary judgment as to liability on his Labor Law § 240(1) claim as against defendants Queens West Development Corporation, 4545 East Coast LLC, formerly known as East Coast 2 LLC, and TF Cornerstone QW 2 LLC, and denied defendants-appellants' (defendants) cross motion for summary judgment dismissing the Labor Law § 240(1) claim, unanimously affirmed, without costs.
This personal injury action stems from a construction site accident. At the time of his injury, plaintiff was working with a coworker breaking down reshore scaffolding and tower scaffolding. Plaintiff was up on the tower scaffolding platform, where he removed a metal beam and handed it down to his coworker. Plaintiff then descended the tower scaffolding to the floor and moved the tower scaffolding so that he could move a reshore scaffolding. As plaintiff was working on the reshore scaffolding, which was not connected with the tower scaffolding that he had just moved, the tower scaffolding fell and hit plaintiff.
Supreme Court correctly found that judgment as a matter of law was warranted as plaintiff established that he was injured as a result of defendants' failure to provide him with adequate safety devices as required by Labor Law § 240(1) (see Leveron v Prana Growth Fund I, L.P., 181 AD3d 449 [1st Dept 2020]; Ragubir v Gibraltar Mgt. Co., Inc., 146 AD3d 563 [1st Dept 2017]). The instant matter is analogous to Ragubir, where the "demolition of the structure was to occur bay by bay," and the "plaintiff was in a different bay" at the time of the accident (146 AD3d at 564). There, we held that "the roof above plaintiff was not the intended target of the demolition at the time it collapsed on him," and the plaintiff was entitled to summary judgment on his Labor Law § 240(1) claim (id.). Similarly, in Leveron, we awarded the plaintiff summary judgement when a sidewalk shed collapsed on him, finding that "securing the sidewalk shed against collapse would not have been contrary to the [plaintiff's] purpose of" dismantling the sidewalk shed (181 AD3d at 450). Here, too, securing the tower scaffolding would not have hindered the purpose of breaking down scaffolding, as the tower scaffolding was not integral to the context and purpose of the work. Jordan v City of New York (126 AD3d 619 [1st Dept 2015]), relied on by defendants, is distinguishable insofar as, in that case, we discussed foreseeability as an element of determining whether an object requires securing for the purposes of the undertaking, and not as an element of all Labor Law § 240(1) claims.
Similarly, Buckley v Columbia Grammar & Preparatory (44 AD3d 263 [1st Dept 2007], lv denied 10 NY3d 710 [2008]) does not compel a different result, because here the part of the scaffolding that collapsed and proximately caused plaintiff's injury was an elevation related [*2]risk contemplated by Labor Law § 240(1).
Defendants' remaining arguments are improperly raised for the first time on appeal, and we decline to consider them.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 18, 2021