Linares v City of New York (2022 NY Slip Op 05661)

Linares v City of New York

2022 NY Slip Op 05661

Decided on October 11, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 11, 2022

Before: Gische, J.P., Kern, Gesmer, Rodriguez, Pitt, JJ. 

Index No. 303086/15E Appeal No. 16379 Case No. 2022-00675 

[*1]Enrique Linares, Plaintiff-Respondent,
v
City of New York, et al., Defendants-Appellants.

Cerussi & Spring, P.C., White Plains (Richard A. Gullo of counsel), for appellants.
Gorayeb & Associates, P.C., New York (John M. Shaw of counsel), for respondent.

Order, Supreme Court, Bronx County (Kim Adair Wilson, J.), entered November 16, 2021, which, insofar as appealed from as limited by the briefs, granted plaintiff's motion for summary judgment on the Labor Law § 240(1) claim, and denied defendants' motion for summary judgment dismissing the Labor Law § 240(1) claim and the Labor Law § 241(6) claim predicated on violations of Industrial Code (12 NYCRR) §§ 23-1.7(a) and 23-3.3(c), unanimously affirmed, without costs.
Plaintiff, a member of a work crew assigned to disassemble a sidewalk bridge, was standing on the ground floor to receive wooden planks and metal beams being removed from the bridge and handed to him by a coworker who was standing on the bridge. While holding a wooden plank he had received from the coworker, plaintiff saw an approximately 12-foot metal beam, which had been resting on top of another piece of metal on the bridge, falling a distance of about 20 feet and striking him, causing him to fall to the ground. Plaintiff testified that the beam was not "something that [he was] supposed to receive or catch," that no one removed the beam before it fell, and that he did not know why the beam fell.
Plaintiff made a prima facie showing that his accident was proximately caused by the conceded lack of any safety devices to secure the beam as required by Labor Law § 240(1) (see Hyatt v Queens W. Dev. Corp., 194 AD3d 548, 548 [1st Dept 2021]). Defendants failed to raise triable issues of fact, including as to whether the use of such safety devices would have been contrary to the work of dismantling the sidewalk bridge (see id. at 548-549; Ragubir v Gibraltar Mgt. Co., Inc., 146 AD3d 563, 564 [1st Dept 2017]). An affidavit indicating that it was not "common practice" to use any safety devices to secure the beam is insufficient to raise an issue of fact under Labor Law § 240(1) (see Bonaerge v Leighton House Condominium, 134 AD3d 648, 649 [1st Dept 2015]).
In light of the foregoing, we need not reach the remaining issues on appeal (see Cronin v New York City Tr. Auth., 143 AD3d 419, 420 [1st Dept 2016]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 11, 2022