Erazo v Rockaway Vil. Hous. Dev. Fund Corp. (2023 NY Slip Op 06805)

Erazo v Rockaway Vil. Hous. Dev. Fund Corp.

2023 NY Slip Op 06805

Decided on December 28, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 28, 2023

Before: Manzanet-Daniels, J.P., Webber, Friedman, Shulman, Rosado, JJ. 

Index No. 155321/20 Appeal No. 1323 Case No. 2023-02097 

[*1]Jaime Erazo, Plaintiff-Appellant,
v
Rockaway Village Housing Development Fund Corporation et al., Defendants-Respondents.

Pollack, Pollack, Isaac & DeCicco, LLP, New York (Brian J. Isaac of counsel), for appellant.
Harrington, Ocko & Monk, LLP, White Plains (Matthew R. Bremner of counsel), for respondents.

Order, Supreme Court, New York County (Paul A. Goetz, J.), entered December 9, 2022, which denied plaintiff's motion for partial summary judgment on his Labor Law § 240(1) cause of action, unanimously affirmed, without costs.
Supreme Court properly found that defendants raised triable issues of fact precluding summary judgment on liability (see Zuckerman v City of New York, 49 NY2d 557, 562 [1980]). The sworn statement of plaintiff's coworker, who asserted that he was pulling the same concrete hose that allegedly caused plaintiff's injuries, sufficiently contradicts plaintiff's testimony that they had lifted the hose three or four feet above the ground before it fell. If the coworker's version were accepted by a jury, plaintiff would not have been "faced with the special elevation risks contemplated by the statute" (Rodriguez v Margaret Tietz Ctr. for Nursing Care, 84 NY2d 841, 844 [1994]; see Santos v Condo 124 LLC, 161 AD3d 650, 654 [1st Dept 2018]).
Plaintiff also failed to demonstrate as a matter of law that the height above the floor or deck of the rebar on which he was standing requires granting summary judgment in his favor, as a jury could find that placing plywood or wooden planks on top of that rebar was "impractical and contrary to the very work at hand to cover the area where the concrete was being spread" (Salazar v Novalex Contr. Corp., 18 NY3d 134, 140 [2011]). Although plaintiff claimed in his reply affidavit that he was standing 30 or 35 feet away from the end of the hose, he had testified earlier at deposition that the concrete was being poured onto the rebar he was standing on (compare Hyatt v Queens W. Dev. Corp., 194 AD3d 548, 548-549 [1st Dept 2021]).
We have considered plaintiff's remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 28, 2023