## Siguencia v City of New York

2024 NY Slip Op 32190(U)

June 27, 2024

Supreme Court, New York County

Docket Number: Index No. 160680/2013

Judge: Hasa A. Kingo

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

|  |  |  |  |
|---|---|---|---|
| PRESENT: | **HON. HASA A. KINGO** | PART | 05M |
|  | *Justice* |  |  |

------------------------------------------------------------------------------X

MANUEL SIGUENCIA,

                                        Plaintiff,

- v -

THE CITY OF NEW YORK, 4101 AUSTIN BOULEVARD
CORP., BNY DELEWARE FUNDING (DE) LLC., J.T.
MAGEN & COMPANY, INC.,

                                        Defendant.

------------------------------------------------------------------------------X

4101 AUSTIN BOULEVARD CORP., BNY DELEWARE
FUNDING (DE) LLC.

                                        Plaintiff,

-against-

PAL ENVIRONMENTAL SERVICES, INC.

                                        Defendant.

------------------------------------------------------------------------------X

| INDEX NO. | 160680/2013 |
|---|---|
| MOTION DATE | 04/18/2023, 04/17/2023, 04/28/2023 |
| MOTION SEQ. NO. | 008 009 010 |

**DECISION + ORDER ON MOTION**

Third-Party
Index No.  595706/2018

The following e-filed documents, listed by NYSCEF document number (Motion 008) 170, 171, 172, 173, 174, 175, 176, 177, 178, 179, 180, 181, 182, 183, 184, 208, 214, 217, 220, 224, 225, 226, 229, 230, 231, 233, 236

were read on this motion for                                   SUMMARY JUDGMENT                        .

The following e-filed documents, listed by NYSCEF document number (Motion 009) 141, 142, 143, 144, 145, 146, 147, 148, 149, 150, 151, 152, 153, 154, 155, 156, 157, 158, 159, 160, 161, 162, 163, 164, 165, 166, 167, 168, 169, 206, 215, 218, 221, 223, 227, 228, 234, 237

were read on this motion for                                   SUMMARY JUDGMENT                        .

The following e-filed documents, listed by NYSCEF document number (Motion 010) 185, 186, 187, 188, 189, 190, 191, 192, 193, 194, 195, 196, 197, 198, 199, 200, 201, 202, 203, 204, 205, 207, 210, 211, 212, 213, 216, 219, 222, 232, 235, 238

were read on this motion to/for                                   SUMMARY JUDGMENT                        .

Upon the foregoing documents, Plaintiff, Manuel Siguencia ("Plaintiff") moves for summary judgment on the issue of liability under New York State Labor Law § 240(1) against Defendants the City of New York (the "City"), 4101 Austin Boulevard Corp. ("4101") and BNY Deleware Funding (DE) LLC ("BNY"). Defendant J.T. Magen & Company, Inc. ("Magen")

moves for summary judgment to dismiss Plaintiff's complaint and all cross-claims against it. Finally, the City moves for summary judgment on contract and common law indemnification based on the lease between the City and 4101. For the reasons stated herein Plaintiff's motion is granted, Magen's motion is granted, and the City's motion is denied.

## BACKGROUND

On November 18, 2012, Plaintiff was injured while he was working at 101 Barclay Street removing hazardous material from the basement that was damaged during Hurricane Sandy (NYSCEF Doc No. 172, statement of material facts ¶ 1). Plaintiff was in the process of setting up flexible ductwork for a temporary decontamination enclosure when a piece of wood and ductwork detached from the ceiling and struck Plaintiff in the forehead, causing him and the unsecured ladder he was standing on to fall (*id*. ¶¶ 8-10).

On February 14, 2013, Plaintiff served a notice of claim on the City pursuant to General Municipal Law § 50-e (NYSCEF Doc No. 146, notice of claim). On November 15, 2013, Plaintiff commenced an action under Index No. 160680/2013 against the City, 4101, and BNY (NYSCEF Doc No. 1, verified complaint). Plaintiff appeared for a hearing pursuant to General Municipal Law § 50-h on December 2, 2013 (NYSCEF Doc No. 176, Plaintiff tr). 4101 and BNY joined issue by service of their answer on January 16, 2014 (NYSCEF Doc No. 20, verified answer). The City joined issue by service of its answer on February 11, 2014 (NYSCEF Doc No. 14, verified answer).

On March 11, 2014, the City moved for summary judgment to dismiss Plaintiff's complaint and all cross-claims, which was granted on December 1, 2014 (NYSCEF Doc No. 9, notice of motion; NYSCEF Doc No. 42, decision and order Nervo, J.). Plaintiff appealed, and on April 26, 2016, the Appellate Division, First Department, entered an order reversing the decision and order granting summary judgment to the City because liability is imposed "on property owners without regard to the owner's degree of supervision or control over the premises" (*Siguencia v City of New York*, 138 AD3d 605, 605 ([1st Dept 2016]).

On December 8, 2014, Plaintiff commenced a separate action under Index No. 162253/2014, against Magen (NYSCEF Doc No. 59, verified complaint). Magen joined issue by service of its answer on February 17, 2015 (NYSCEF Doc No. 60, verified answer). On April 7, 2016, the two actions were consolidated under Index No. 160680/2013 (NYSCEF Doc No. 62, decision and order Kalish, J.). On August 29, 2018, 4101 and BNY commenced a third-party action against PAL Environmental Services, Inc. ("PAL") (NYSCEF Doc No. 88, third-party complaint). PAL joined issue by service of its answer to the third-party complaint on May 29, 2019 (NYSCEF Doc No. 95, verified answer). On November 17, 2022, 4101 and BNY voluntarily discontinued their third-party action against PAL (NYSCEF Doc No. 139, stipulation of discontinuance).

Plaintiff was deposed on December 15, 2015, June 25, 2018, June 26, 2018, July 10, 2018, February 25, 2019, and November 9, 2021. (NYSCEF Doc No. 158, 159, 160, 161, 195, 197, 199, Plaintiff deposition tr). On December 29, 2015, and June 9, 2022, Leonard Eichholz testified on behalf of 4101 and BNY (NYSCEF Doc No. 181, 182, Leonard Eichholz deposition tr). On June 23, 2022, Christopher Weiss appeared on behalf of Magen and on September 19, 2022, Douglas

[* 2]

Lyon appeared on behalf of PAL (NYSCEF Doc No. 183, Christopher Weiss deposition tr; NYSCEF Doc No. 202, Douglas Lyon deposition tr). In lieu of a deposition, Plaintiff served the City with a notice to admit, wherein the City admitted that it owned, leased, and was the lessor of 101 Barclay Street (NYSCEF Doc No. 135, notice to admit; NYSCEF Doc No. 137, response to notice to admit).

On February 28, 2023, Plaintiff filed his note of issue and then timely filed his motion for summary judgment on April 18, 2023 (NYSCEF Doc No. 140, note of issue; NYSCEF Doc No. 170, notice of motion). The City timely filed its summary judgment motion on April 17, 2023 (NYSCEF Doc No. 141, notice of motion). Magen timely filed its summary judgment motion on April 28, 2023 (NYSCEF Doc No. 185, notice of motion).

## DISCUSSION

Pursuant to CPLR § 3212(b), a motion for summary judgment "shall be granted if, upon all the papers and proofs submitted, the cause of action or defense shall be established sufficiently to warrant the Court as a matter of law in directing judgment in favor of any party" (CPLR § 3212[b]). "The proponent of a motion for summary judgment must demonstrate that there are no material issues of fact in dispute, and that it is entitled to judgment as a matter of law" (*Dallas-Stephenson v Waisman*, 39 AD3d 303, 306 [1st Dept 2007]). The movant's burden is "heavy," and "on a motion for summary judgment, facts must be viewed in the light most favorable to the non-moving party" (*William J. Jenack Estate Appraisers and Auctioneers, Inc. v Rabizadeh*, 22 NY3d 470, 475 [2013] [internal quotation marks and citation omitted]). Upon a proffer of evidence establishing a prima facie case by the movant, the party opposing a motion for summary judgment bears the burden of producing evidentiary proof in admissible form sufficient to necessitate a trial of material questions of fact (*Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). For an issue of fact to be considered "material," it must be genuine, bona fide, and substantial enough to require a trial (*Leumi Financial Corp. v Richter*, 24 AD2d 855 [1st Dept 1965]). A motion for summary judgment should not be granted where the facts are in dispute, where conflicting inferences may be drawn from the evidence, or where issues of credibility exist (*Ruiz v Griffin*, 71 AD3d 1112, 1115 [2d Dept 2010]). However, "mere conclusions, expressions of hope or unsubstantiated allegations or assertions are insufficient" to overcome a motion for summary judgment (*Zuckerman*, 49 NY2d at 562, *supra*).

## I.      Plaintiff's Motion Seq. 008

Plaintiff moves for summary judgment on the issue of liability under Labor Law § 240(1) against 4101, BNY, and the City. Plaintiff avers that as owners of 101 Barclay Street, 4101, BNY, and the City had a non-delegable duty to provide Plaintiff with adequate safety devices and failed to do so (NYSCEF Doc No. 171, Meyerson affirmation ¶¶ 24, 28, 29-31). Plaintiff submits uncontroverted evidence consisting of pleadings, testimony, photographs, a copy of the Lease between the City and 4101 (the "Lease"), the City's response to Plaintiff's notice to admit, and an accident report to make out a *prima facie* case of entitlement to judgment as a matter of law. Plaintiff contends that its evidence demonstrates that on November 18, 2012, Plaintiff was setting up a decontamination unit in the basement of 101 Barclay Street when a piece of wood and ductwork fell from the ceiling, striking him, and causing him to fall from an unsecured ladder (*id*.).

[* 3]

Further, Plaintiff avers that its evidence demonstrates that on the date of the accident, 4101, BNY and the City were owners of the building where Plaintiff was injured (*id*. ¶¶ 29, 30).

4101, BNY, the City, and Magen (collectively identified as "Opposing Defendants"), oppose Plaintiff's motion. 4101 and BNY aver that Plaintiff is not entitled to summary judgment because the objects that fell were not improperly secured, were not in the process of being improperly hoisted or secured, and the ladder was an appropriate safety device that did not move, shake or wobble before Plaintiff fell (NYSCEF Doc No. 214, Feehan affirmation ¶ 2). Additionally, 4101 and BNY aver that Plaintiff was in the process of working with the subject ductwork and 4101 and BNY cannot be held liable when it detaches and causes injury (*id*. ¶ 3). Lastly, 4101 and BNY argue that the objects that fell were supposed to fall and were the target of Plaintiff's demolition (*id*. ¶ 12). The City and Magen do not proffer their own arguments in opposition, but instead adopt and incorporate the arguments of 4101 and BNY (NYSCEF Doc No. 225, Lynch affirmation ¶ 3; NYSCEF Doc No. 230, Spataro affirmation ¶ 5). In reply, Plaintiff avers that the wood, ductwork, and ladder were all not adequately secured in violation of Labor Law § 240(1) (NYSCEF Doc No. 231, Meyerson affirmation ¶¶ 3-5).

Labor Law § 240(1) imposes a nondelegable duty on building owners to provide safety devices in order "to protect against elevation-related hazards on construction sites, and they will be absolutely liable for any violation that results in injury regardless of whether they supervised or controlled the work" (Labor Law § 204[1]; *Ragubir v Gibraltar Mgmt. Co*., 146 AD3d 563, 564 [1st Dept 2017]). On a motion for summary judgment "a plaintiff must proffer evidence which demonstrates that necessary protection from the gravity-related risk of his construction work was not provided and/or that the safety device in use failed to provide proper protection" (*Rivadeneira v 731 Commercial LLC*, 2024 NY Slip Op 30263[U] [Sup Ct, NY County 2024]). "The single decisive question is whether [a] plaintiff's injuries were the direct consequence of a failure to provide adequate protection against a risk arising from a physically significant elevation differential" (*Wilinski v 334 E. 92nd Hous. Dev. Fund Corp*., 18 NY3d 1, 10 [2011]). However, where the use of such a safety device would defeat or be contrary to the purpose of the work, no liability will attach for the failure to provide such a device (*Ragubir*, 146 AD3d at 564, *supra*).

Labor Law § 240(1) claims involve both a falling object and falling worker (*Rzymski v Metro. Tower Life Ins. Co*., 94 AD3d 629, 629 [1st Dept 2012]). In order to recover damages under a falling objects theory, a plaintiff must demonstrate that the object that fell was in the process of being hoisted or secured at the time of the accident or required securing for the purposes of the undertaking at the time it fell (*Quattrocchi v F.J. Sciame Const. Corp*., 11 NY3d 757, 758–59 [2008]; *Gonzalez v Paramount Grp., Inc*., 157 AD3d 427, 428 [1st Dept 2018]; *see also Franco v 1221 Ave. Holdings, LLC*, 189 AD3d 615, 615 [1st Dept 2020] [plaintiff's testimony that he was injured "when an unsecured pipe fell from the ceiling and struck him, knocking him off a ladder, establishes prima facie that his injuries resulted 'directly from the application of the force of gravity' and that, having failed to provide proper safety devices, defendants are liable for these injuries under Labor Law § 240[1]"]).

In the case of a falling worker, the failure to properly secure a ladder so as to hold it steady and erect during its use constitutes a violation and a plaintiff is not required to show that the ladder was defective in some manner (*Nacewicz v Roman Cath. Church of the Holy Cross*, 105 AD3d

402, 403 [1st Dept 2013]; *Pierrakeas v 137 E. 38th St. LLC*, 177 AD3d 574, 574–75 [1st Dept 2019]; *see also Dasilva v A.J. Contracting Co.*, 262 AD2d 214, 214 [1st Dept 1999] [the failure to provide plaintiff with safety devices, including someone to hold the ladder was a substantial and foreseeable cause of plaintiff's fall and injury which occurred after a section of pipe struck the ladder plaintiff was using]).

In this instance, Plaintiff met his *prima facie* burden of entitlement to judgment as a matter of law. Plaintiff's evidence demonstrates that he was not provided adequate safety equipment to prevent the objects above from falling or to prevent him from falling off the ladder. Opposing Defendants fail to raise a material issue of fact in opposition. Opposing Defendants' contention that the falling objects were the "target of the demolition and the intended consequence of [Plaintiff's] prying and swinging a crowbar" is factually incorrect and not supported anywhere in the record (NYSCEF Doc No. 214, Feehan affirmation ¶ 12).[1] Plaintiff did not testify that he was working with a crowbar or wire mesh but was setting up a decontamination unit, using wood, plastic, and ventilation hoses/ductwork (NYSCEF Doc No. 158, Plaintiff deposition tr at 21-2).[2] Moreover, it cannot be said that these objects were the target of demolition because there was no demolition being done at the time. Finally, Opposing Defendants' argument that any device to prevent the wire mesh from failing would be contrary to the purpose of the work is equally unavailing. Plaintiff was in the process of replacing broken ductwork that was supposed to remain above his head, not come down on top of him. An adequate safety device would have prevented these objects from falling and striking Plaintiff. Moreover, if the wood planks were being used as a safety device, they were inadequate because they along with the ductwork came down on top of Plaintiff.

Even if it were assumed for argument's sake that an adequate safety device was contrary to the work of replacing the ductwork, 4101, BNY, and the City still had a duty to provide Plaintiff with adequate safety devices to prevent him from falling off the ladder and to prevent the ladder from toppling over. The Opposing Defendants do not dispute that Plaintiff fell from the ladder or that the ladder fell, and the Opposing Defendants fail to proffer any evidence that the ladder was adequately secured. That the ladder was on a flat surface and had no defects or issues prior to falling over is legally unavailing (*Pierrakeas*, 177 AD3d at 574–75). Plaintiff falling from a ladder and a ladder falling over is sufficient evidence of a violation of Labor Law § 240. Accordingly, Plaintiff met his *prima facie* burden of entitlement to judgment as a matter of law as against 4101, BNY, and the City.

## II. Magen's Motion Seq. 010

Magen moves for summary judgment to dismiss Plaintiff's complaint and all cross-claims because Magen did not cause the defective condition and had no authority or control over Plaintiff's work and is therefore not a proper party under Labor Law §§ 200, 240, and 241. In support of the motion, Magen submits evidence including pleadings, testimony, and Plaintiff's notice to admit served on the City, along with the City's response. Magen avers that it was neither a general contractor, nor a prime contractor, and had no authority to supervise, direct, or control

---

[1] Defendants do not cite to where in the record they obtained such information, and the court has not found any reference to prying and swinging or crowbar and mesh beyond Defendants' opposition.

[2] Plaintiff's specific task just before falling was to replace broken ductwork that had already been secured.

[* 5]

Plaintiff or the work that Plaintiff was involved in (NYSCEF Doc No. 185, Spataro affirmation ¶ 5). Additionally, Magen is not an owner of the premises and did not hire any subcontractors to perform work for the vermiculite abatement project (*id.*). Plaintiff received instructions and directions from his employer PAL, and at most, Magen met with PAL supervisory staff to understand where PAL was working so that Magen could avoid that area (*id.* ¶¶ 14, 67). Further, because of the hazardous nature of PAL's abatement, only PAL employees with proper licensure and protection were allowed into the abatement areas (*id.* ¶ 67). Magen was present at 101 Barclay before Hurricane Sandy hit because they were renovating the lobby and the conference center located on the tenth floor (NYSCEF Doc No. 201, Christopher Weiss deposition tr at 12). After Hurricane Sandy hit, BNY asked Magen to help get the building in a habitable condition (NYSCEF Doc No. 185, Spataro affirmation ¶ 26). Specifically, in the wake of Hurricane Sandy, Magen assisted with clearing water and debris out of the basement and coordinating with electricians and plumbers (*id.*). The vermiculite remediation began after water was removed from the basement and was under the purview of Hillman consultants who ultimately recommended PAL (NYSCEF Doc No. 201, Christopher Weiss deposition tr at 58-9). BNY then hired PAL to remove the vermiculite, and PAL invoiced and was paid by BNY (NYSCEF Doc No. 185, Spataro affirmation ¶¶ 24, 44, 46).

Plaintiff, 4101, and BNY opposes the motion. Plaintiff contends that there are issues of fact regarding whether Magen took on the role of general contractor with respect to Plaintiff's work. Plaintiff cites to portions of Magen's testimony that Christopher Weiss was working at the building every day after Hurricane Sandy, worked with the building to restore emergency power and get it to a habitable state, and helped BNY out where they could (NYSCEF Doc No. 210, Silva affirmation ¶¶ 5, 6). Plaintiff avers that Magen worked with BNY to schedule and coordinate various trades including PAL (*id.* ¶¶ 6, 7). Plaintiff also cites to portions of PAL's testimony that PAL's witness did not remember whether BNY or another entity hired PAL and could not state what role Magen played in the emergency project (*id.* ¶¶ 8, 9). Plaintiff concedes that PAL invoiced and was paid by BNY (*id.* ¶ 4). 4101 and BNY aver that portions of the basement were under Magen's control and that Magen was responsible for overall site safety and repair work (NYSCEF Doc No. 216, Feehan's affirmation ¶¶ 3, 4).

Labor Law § 200 "is a codification of the common-law duty imposed upon [a] general contractor to maintain a safe construction site" (*Rizzuto v L.A. Wenger Contracting Co.*, 91 NY2d 343, 352 [1998]). "It is well settled that an implicit precondition to this duty is that the party to be charged with that obligation 'have the authority to control the activity bringing about the injury to enable it to avoid or correct an unsafe condition'" (*id.*). "Claims for personal injury under [Labor Law § 200] and the common law fall into two broad categories: those arising from an alleged defect or dangerous condition existing on the premises and those arising from the manner in which the work was performed" (*Cappabianca v Skanska USA Bldg. Inc.*, 99 AD3d 139, 143–44 [1st Dept 2012]). "Where an existing defect or dangerous condition caused the injury, liability attaches if the general contractor created the condition or had actual or constructive notice of it (*id.*). "Where the injury was caused by the manner and means of the work, including the equipment used, the general contractor is liable if it actually exercised supervisory control over the injury-producing work" (*id.*; see also *Moura v City of New York*, 165 AD3d 434, 435 [1st Dept 2018] [defendant was not liable because it "merely exercised general supervisory authority over the injured

[* 6]

plaintiff's work" and there was no evidence that defendant "provided actual supervision or direction"]).

Similarly, for liability to attach under Labor Law §§ 240 and 241, "a plaintiff must show that the defendant exercised control, either over the plaintiff, the specific work area involved or the work that gave rise to the injury" (*Vargas v Peter Scalamandre & Sons, Inc.*, 105 AD3d 454, 455 [1st Dept 2013]). "General supervisory authority is insufficient to impose liability" (*Zherka v Hudson Meridian Constr. Grp. LLC*, 206 AD3d 445, 446 [1st Dept 2022]). "It is not a defendant's title that is determinative, but the amount of control or supervision exercised" (*Vazquez v Humboldt Seigle Lofts*, *LLC*, 145 AD3d 709, 709 [2nd Dept 2016]). Ensuring "compliance with design plans through weekly visits" and "general oversight of the timing and quality of the work does not rise to the level of supervision or control" (*Phillip v 525 E. 80th St. Condo.*, 93 AD3d 578, 579–80 [1st Dept 2012]; *Vazquez*, 145 AD3d at 709–10).

Here, Magen has made out a *prima facie* case of entitlement to judgment as a matter of law. The evidence proffered by Magen demonstrates that it did not have the requisite level of control over Plaintiff, the vermiculite abatement project, or the decontamination area/units. Magen's presence at the building while vermiculite was being removed is not enough to confer liability under Labor Law §§ 200, 240, or 241. PAL supervised, controlled, and directed Plaintiff (NYSCEF Doc No. 201, Christopher Weiss deposition tr at 20, 21, 34-7, 44, 48, 62-3, 65-7; NYSCEF Doc No. 195, Plaintiff deposition tr at 12-4, 33; NYSCEF Doc No. 202, Douglas Lyon deposition tr at 15, 24, 28 45-6). Only PAL employees with proper licensure and protection were able to enter the decontamination areas (NYSCEF Doc No. 201, Christopher Weiss deposition tr at 21; NYSCEF Doc No. 202, Douglas Lyon deposition tr at 15, 24). Magen did not provide tools, equipment, or material for PAL to perform its work and only PAL erected the decontamination units (NYSCEF Doc No. 201, Christopher Weiss deposition tr at 34-5, 44, 48, 62-3, 66; NYSCEF Doc No. 202, Douglas Lyon deposition tr at 24, 45). PAL alone directed its employees on how to do their work, Magen had no authority to direct or stop their work, and at most Magen met with a PAL supervisor to understand where they would be doing their work so as not to overlap (NYSCEF Doc No. 201, Christopher Weiss tr at 34-7, 44, 55, 62-3, 67; NYSCEF Doc No. 202, Douglas Lyon deposition tr at 24). BNY hired and paid PAL and Magen and PAL were not in contract with one another (NYSCEF Doc No. 205, Leonard Eichholz deposition tr at 16; NYSCEF Doc No. 201, Christopher Weiss tr at 20, 65-6; NYSCEF Doc No. 202, Douglas Lyon deposition tr at 11). Notably, Plaintiff did not move for summary judgment against Magen.

The arguments that Magen exercised control over the basement where Plaintiff was removing vermiculate are unavailing and do not create an issue of fact. The record before this court demonstrates that only PAL employees were allowed into the decontamination area(s) and only PAL employees erected the decontamination units using PAL's equipment. Magen's presence in the basement prior to the vermiculite project commencing, or even during the project, does not create an issue of fact regarding Magen's lack of control over the decontamination area and units. Liability attaches when the contractor exercises control over "the specific work area involved" (*Cappabianca*, 99 AD3d at 143–44, *supra*). Thus, it is not material whether Magen was doing other work in the basement at one point. Not only is this particular basement the size of a city block, but the specific work area in this case is the decontamination area(s), including the units

themselves, not the whole of the basement.[3] Confusingly, while 4101 and BNY try to establish an issue of fact because Magen was doing work in the basement at one point, they also argue that the accident did not actually take place in the basement, but within the staircase leading up from the basement (NYSCEF Doc No. 216, Feehan's affirmation ¶ 3). Ultimately, whether the accident took place in the basement or the staircase leading up from the basement is not a material issue of fact regarding Magen's lack of control over Plaintiff, the abatement, or the decontamination units. Mere presence in the general area of the accident is not enough for liability to attach (*Zherka*, 206 AD3d at 446). Accordingly, because Magen did not actually exercise supervision or control over Plaintiff, the vermiculite abatement project, or the decontamination area, Magen's motion for summary judgment is granted.

### III.     The City's Motion (Motion Seq. 009)

The City moves for summary judgment for contractual and common law indemnification based on the lease between the City and 4101. The City proffers pleadings, testimony, the City's response to Plaintiff's notice to admit, an affidavit by David Schloss, Senior Title Examiner with the New York City Law Department, a Condemnation Order, and the lease between the City and 4101 (the "Lease"). The City avers that the Lease obligates 4101 to "indemnify and defend any claims, actions or judgments arising out of the ownership, operation, maintenance, or construction of or at the building" (NYSCEF Doc No. 142, Lynch affirmation ¶ 32). Additionally, the City avers that it played no role in hiring contractors to perform any maintenance, repair, or remediation work at the building and that 4101 is solely responsible for maintenance and repairs (*id*. ¶ 39).

4101 and BNY oppose the City's motion because 4101 and BNY are not negligent and will only be held liable based on vicarious liability (NYSCEF Doc No. 215, Feehan affirmation ¶ 3). Common law indemnification requires active negligence on the part of the tortfeasor and there is no evidence that BNY was negligent (*id*.).

Parties to a contract are free to include a promise by one party "to hold the other harmless for a particular loss or damage" (*Hooper Assocs., Ltd. v AGS Computers, Inc*., 74 NY2d 487, 491 [1989]). When an intent to indemnify can be clearly implied from the contract language and purposes of the entire agreement in conjunction with the surrounding facts and circumstances, the parties are entitled to full contractual indemnification (*Bradley v Earl B. Feiden, Inc*., 8 NY3d 265, 274 [2007]; *Drzewinski v Atl. Scaffold & Ladder Co*., 70 NY2d 774, 777 [1987]).

"Common-law indemnification is predicated on vicarious liability without actual fault" on the part of the indemnitee (*Edge Mgt. Consulting, Inc. v Blank*, 25 AD3d 364, 367 [1st Dept 2006]). "To be entitled to common-law indemnification, a party must show (1) that it has been held vicariously liable without proof of any negligence or actual supervision on its part; and (2) that the proposed indemnitor was either negligent or exercised actual supervision or control over the injury-producing work" (*Naughton v City of New York*, 94 AD3d 1, 10 [1st Dept 2012]; *Kaminer v the City of New York*, 2014 WL 1392290 (Sup Ct, NY County 2014). Where there is no "liability, vicarious or otherwise, there is no basis for indemnification" (*Nieves-Hoque v 680 Broadway*, LLC, 99 AD3d 536, 537 [1st Dept 2012]. Moreover, where the indemnitor has not been found

---

[3] The basement is approximately 90,000 square feet and spans the entire footprint of the building (NYSCEF Doc No. 201, Christopher Weiss deposition tr at 28; NYSCEF Doc No. 200, Leonard Eichholz deposition tr at 12).

negligent, granting summary judgment on common law indemnification would be premature (*Pueng Fung v 20 W. 37th St. Owners, LLC*, 74 AD3d 635, 636 [1st Dept 2010]).

The Lease between the City and 4101 states the following:

"Section 21.01. Tenant shall indemnify and save harmless Landlord against and from all liabilities, suits, obligations, fines, damages, penalties, claims, costs, charges and expenses, including without limitations reasonable architects' and attorneys' fees and disbursements, which may be imposed upon or incurred by or asserted against Landlord by reason of any of the following occurring during the Term unless caused by the negligence or willful misconduct of Landlord, its agents or employees, in its capacity as Landlord: (i) construction of the Building or any other work or thing done, in, on or about the Premises or any part thereof; (ii) any use, non-use, possession, occupation, alteration, repair, condition, operation, maintenance or management of the Premises or any part thereof or of any street, alley, sidewalk, curb, vault, passageway or space comprising a part of or adjacent thereto; (iii) any negligence on the part of Tenant or any Subtenant or any of its or their respective agents, contractors, servants, employees, licensees, or invitees; (iv) any accident, injury (including death) or damage to any person or property occurring in, on or about the Premises or any part thereof or in, on or about any street, alley, sidewalk, curb, vault, passageway or space adjacent thereto; […] (vi) any lien or claim which may be alleged to have arisen against or on the Premises, or any lien or claim created or permitted to be created by Tenant against any asset of or fund appropriated to Landlord under the laws of the State of New York or of any other governmental authority or any liability which may be asserted against Landlord with respect thereto [. . .]."

(NYSCEF Doc No. 169, Lease agreement at 83-5)

In this case, the Lease demonstrates a clear intent for 4101 to indemnify the City unless the suit or claim is caused by the City's "negligence or willful misconduct" (*id*.) Because no finding has been made as to the City's negligence or willful misconduct, the motion for summary judgment on contract and common law indemnification is premature (*Pena v Intergate Manhattan LLC*, 194 AD3d 576, 578 [1st Dept 2021]). Accordingly, the City's motion for summary judgment is denied.

Therefore it is hereby

ORDERED that Plaintiff's motion for summary judgment (Motion Seq. 008) is granted with regard to liability against defendants, the City of New York, 4101 Austin Boulevard Corp., and BNY Delaware Funding (DE) LLC; and it is further

ORDERED that a settlement conference for this matter shall be held on July 12, 2024 at 2:00 p.m. in the courtroom located in Room 320 at 80 Centre Street, New York, New York; and it is further

ORDERED that Plaintiff shall, within 20 days from entry of this order, serve a copy of this order with notice of entry upon counsel for all parties hereto and upon the Clerk of the General Clerk's Office and shall serve and file with said Clerk a note of issue and statement of readiness and shall pay the fee therefor, and said Clerk shall cause the matter to be placed upon the calendar for such trial before the undersigned; and it is further

ORDERED that such service upon the General Clerk's Office shall be made in accordance with the procedures set forth in the Protocol on Courthouse and County Clerk Procedures for Electronically Filed Cases (accessible at the "E-Filing" page on the court's website); and it is further

ORDERED that defendant J.T. Magen & Company's motion for summary judgment (Motion Seq. 010) is granted and the complaint and all cross-claims are dismissed with costs and disbursements to defendant as taxed by the Clerk upon the submission of an appropriate bill of costs; and it is further

ORDERED that the Clerk is directed to enter judgment accordingly; and it is further

ORDERED that defendant the City of New York's motion for summary judgment (Motion Seq. 009) is denied.

This constitutes the decision and order of the court.

| | |
|---|---|
| **6/27/2024** | 20240627131300HKINGO0591...2E823473088C5CCBE180F328... |
| **DATE** | **HASA A. KINGO, J.S.C.** |

| CHECK ONE: | | CASE DISPOSED | | | X | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|---|
| | | GRANTED | | DENIED | X | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | | FIDUCIARY APPOINTMENT | | REFERENCE |

[* 10]