Mannino v Waldorf Exteriors, LLC (2025 NY Slip Op 00830)

Mannino v Waldorf Exteriors, LLC

2025 NY Slip Op 00830

Decided on February 13, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 13, 2025

Before: Webber, J.P., Kennedy, Friedman, Mendez, Rodriguez, JJ. 

Index No. 160092/17 Appeal No. 3674 Case No. 2023-03879 

[*1]Giulio Mannino, Plaintiff-Appellant,
v
Waldorf Exteriors, LLC, et al., Defendants-Respondents. _ [And a Third-Party Action]

Morgan, Levine Dolan PC, New York (Beth S. Gereg of counsel), for appellant.
Nicoletti Hornig & Sweeney, New York (Bashir F. Masani of counsel), for Waldorf Exteriors, LLC and Calvin Maintenance Inc., respondents.
Strikowsky Drachman & Shapiro PLLC, New York (Sim R. Shapiro of counsel), for TDX Construction Corp., Board of Trustees of Fashion Institute of Technology, Fashion Institute of Technology, The City of New York, and The New York City Department of Education, respondents.

Order, Supreme Court, New York County (Sabrina Kraus, J.), entered August 2, 2023, which, to the extent appealed from, denied plaintiff's motion for summary judgment on liability on his Labor Law §§ 240(1) and 241(6) causes of action, granted the motion of defendants The Board of Trustees of Fashion Institute of Technology, Fashion Institute of Technology (together, FIT), The City of New York, and The New York City Department of Education (together, the City), and TDX Construction Corp. for summary judgment dismissing the Labor Law §§ 240(1) and 241(6) causes of action as against them, and granted the cross-motion of defendants Waldorf Exteriors, LLC and Calvin Maintenance, Inc. for summary judgment dismissing the Labor Law §§ 240(1) and 241(6) causes of action as against them, unanimously modified, on the law, defendants' motion and cross-motion denied, the Labor Law §§ 240(1) cause of action reinstated as against FIT and the City, and plaintiff's motion for summary judgment on liability on his Labor Law § 240(1) claim granted as against FIT and the City, the matter remanded to Supreme Court for further proceedings regarding whether TDX, Waldorf, or Calvin were statutory agents of the owner or general contractor, and otherwise affirmed, without costs.
Plaintiff was injured while working at a construction project in a building owned by the City and occupied by FIT. TDX was the construction manager for the project. Plaintiff's employer, nonparty general contractor Vanguard Construction & Development Co., retained Waldorf and Calvin as the demolition subcontractors. On the day of his injury, plaintiff was tasked with chipping cement encasements from two-story, steel vertical columns located in the lobby of the building. Plaintiff was going up in a scissor lift when he was struck by a 200-to-300-pound piece of cement that fell from the middle tier of a column.
Plaintiff has established prima facie entitlement to summary judgment on liability on his Labor Law § 240(1) cause of action because he demonstrated that he was injured by falling cement from an area on a vertical column, and that at the time of the accident he was not otherwise engaged in actual cement removal (see Hyatt v Queens W. Dev. Corp., 194 AD3d 548, 549 [1st Dept 2021]; Leveron v Prana Growth Fund I, L.P., 181 AD3d 449, 450 [1st Dept 2020]). Moreover, shoring or bracing of the cement casing on the columns could have been accomplished by wire mesh or other means without making the work impossible to complete (see Hyatt, 194 AD3d at 549; Ragubir v Gilbraltar Mgt. Co., Inc., 146 AD3d 563, 564 [1st Dept 2017]). In opposition to plaintiff's motion, FIT and the City fail to show how adequate safety measures would interfere with or preclude plaintiff from completing his assigned demolition task.
However, questions of fact remain as to whether TDX was a statutory agent of FIT in light of testimony that TDX could stop the work to enforce safety practices, as well as testimony that TDX was [*2]the "eyes and ears" of FIT during the renovation project (see Walls v Turner Constr. Corp., 4 NY3d 861, 863-864 [2005]; DaSilva v Haks Engrs., Architects & Land Surveyors, P.C., 125 AD3d 480, 481 [1st Dept 2015]). Questions of fact are also raised as to whether Waldorf and Calvin were statutory agents, as the evidence indicates that their supervision over earlier demolition work on the columns could reasonably have destabilized the cement encasements (see Tighe v Hennegan Const. Co., Inc., 48 AD3d 201, 202 [1st Dept 2008]).
Because plaintiff demonstrated entitlement to partial summary judgment on his Labor Law § 240(1) cause of action, we need not reach his arguments regarding his Labor Law § 241(6) cause of action, as those arguments are academic (see Ruiz v BOP 245 Park LLC, 231 AD3d 683, 684 [1st Dept 2024]). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 13, 2025