Castro v City of New York (2026 NY Slip Op 01845)

Castro v City of New York

2026 NY Slip Op 01845

Decided on March 26, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 26, 2026

Before: Webber, J.P., González, Mendez, O'Neill Levy, Hagler, JJ. 

Index No. 33106/19|Appeal No. 6193|Case No. 2025-00677|

[*1]Korrein Castro, Respondent,
vThe City of New York et al., Appellants.

Conway, Farrell, Curtin & Kelly, P.C., New York (Ralph A. Cosentino of counsel), for appellants.
The Perecman Firm, PLLC, New York (Peter D. Rigelhaupt of counsel), for respondent.

Order, Supreme Court, Bronx County (Myrna Socorro, J.), entered on or about December 27, 2024, which, to the extent appealed from, denied defendants' motion for summary judgment dismissing the common-law negligence and Labor Law §§ 200 and 240(1) claims, unanimously affirmed, without costs.
Plaintiff was injured when a scaffold she was using rolled and one of its legs went into a "hole" or "rebar area," causing the scaffold to tip over and onto her. That plaintiff was standing on the same level as the scaffold that fell on her does not preclude liability under Labor Law § 240(1) (see Wilinski v 334 E. 92nd Hous. Dev. Fund Corp., 18 NY3d 1, 9 [2011]; Hyatt v Queens W. Dev. Corp., 194 AD3d 548, 548-549 [1st Dept 2021]). Defendants failed to establish that plaintiff was a recalcitrant worker and the sole proximate of her accident in the absence of evidence that she was instructed to lock the scaffold's wheels each time she loaded buckets of water onto the scaffold (see Noor v City of New York, 130 AD3d 536, 540 [1st Dept 2015], lv dismissed 27 NY3d 975 [2016]).
There are also questions of fact precluding summary judgment dismissing plaintiff's common-law negligence and Labor Law § 200 claims. "Where an existing defect or dangerous condition caused the injury, liability attaches if the owner or general contractor created the condition or had actual or constructive notice of it" (Cappabianca v Skanska USA Bldg. Inc., 99 AD3d 139, 144 [1st Dept 2012]). Defendants failed to meet their burden of demonstrating that they lacked notice of the "hole" or "rebar area" by failing to provide evidence regarding when the accident location was last inspected before the accident (see Bolson v UJA-FED Props., Inc., 224 AD3d 584, 585 [1st Dept 2024]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 26, 2026